IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-CV-80093

DEBBIE LANZA, individually and on behalf of all others similarly situated,

       *Plaintiff*,

v.

EMJ CORPORATION, a Tennessee corporation, UPSCALE EVENTS BY MOSAIC, LLC d/b/a THE MOSAIC GROUP, a Florida limited liability company, PALM BEACH MALL HOLDINGS, LLC, a Delaware limited liability company, NEW ENGLAND DEVELOPMENT, INC., a Massachusetts corporation, and EASTERN REAL ESTATE, LLC, a Delaware limited liability company.

       *Defendants*.

**MOTION AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF MOTION TO MODIFY SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16(b)(4) and in accordance with the Pretrial Scheduling Order set by Magistrate Judge Brannon (Dkt. No. 15), Plaintiff Debbie Lanza ("Plaintiff") hereby moves the Court to enter an Order extending all deadlines in this case by ninety (90) days. In support thereof, Plaintiff states as follows:

1.    On January 29, 2013, Plaintiff filed this case, a putative class action, against Defendants EMJ Corporation ("EMJ") and Upscale Events by Mosaic, LLC ("Mosaic"). (Dkt. No. 1.)

2.    On March 12, 2013, Magistrate Judge Brannon scheduled a mandatory telephonic scheduling conference for April 18, 2013 and, because of the expedited nature of the conference, stated that "the parties [were] relieved of Local Rule 16.1(b)'s requirement of submitting a

1

conference report and proposed order." (Dkt. No. 6.) As such, the Parties were unable to recommend a case management track prior to the scheduling conference (pursuant to L.R. 16(a)(4)) or submit a conference report suggesting the time needed to, *inter alia*, complete class and merits discovery in this matter (pursuant to L.R. 16(b)(2)).

3. On April 18, 2013, and following the telephonic scheduling conference, Magistrate Judge Brannon entered the Pretrial Scheduling Order for this matter. (Dkt. No. 15.) Among other deadlines set by the Order, the Schedule anticipates completing all discovery in this putative class action by August 12, 2013 (i.e., 62 days from today). (*Id.* at ¶ 10.)

4. Following the entry of the Pretrial Scheduling Order, both Mosaic and EMJ answered the Complaint. (Dkt. Nos. 17 (Mosaic) and 24 (EMJ).)

5. On May 13, 2013, and based largely on information received through informal and early discovery, Plaintiff moved the Court for leave to amend her Complaint to add three additional party-defendants: Palm Beach Mall Holdings, LLC, a Delaware limited liability company; New England Development, Inc., a Massachusetts corporation; and Eastern Real Estate, LLC, a Delaware limited liability company. (Dkt. No. 23.)  Plaintiff's proposed amendment was timely—it was sought within the deadline for amendments to the pleadings set by the Pretrial Scheduling Order. (Dkt. No. 15 at ¶ 15.)

6. On June 7, 2013, this Court granted Plaintiff's motion for leave to amend, (Dkt. No. 34), and Plaintiff filed her Amended Complaint (Dkt. No. 35).

7. The recent filing of Plaintiff's First Amended Complaint itself provides compelling circumstances and good cause justifying the proposed modification to the Pretrial Scheduling Order. *See Donahay v. Palm Beach Tours & Transp., Inc.*, 243 F.R.D. 697, 699 (S.D. Fla. 2007) ("A scheduling order may be modified only upon a showing of good cause.") (citing

*United National Insurance Co. v. Owl's Nest of Pensacola Beach, Inc.*, 2006 WL 1653380, *2 (N.D. Fla. June 8, 2006); *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)).

8.  First, while the Court's Scheduling Order requires Plaintiff to disclose her experts by June 10, 2013 (i.e., today), the newly-added Defendants—Palm Beach Mall Holdings, LLC; New England Development, Inc.; and Eastern Real Estate, LLC—have not yet been served with the lawsuit, and none of the Defendants have answered or otherwise responded to the recently-filed Amended Complaint.  (*See* Declaration of Benjamin S. Thomassen ["Thomassen Decl."] at ¶ 4, a true and accurate copy of which is attached hereto as Exhibit 1.) Thus, Plaintiff requires a modest extension of time to obtain class- and merits-related discovery from the newly-added Defendants and to disclose experts (if appropriate) based upon such discovery. Critically, this need stems only from the recent addition of new party-Defendants, and does not arise from any lack of diligence on the part of Plaintiff. *See Donahay*, 243 F.R.D. at 699 (citing *Sosa*, 133 F.3d at 1418).  Thus, for example, without an extension allowing for at least some initial discovery from the newly added Defendants, Plaintiff simply has no way to determine whether experts are needed for her claims against all the Parties.

9.  Second, the proposed extension would cause no prejudice to any Defendant.  To that end, Plaintiff already confirmed that both EMJ and Mosaic do not object to the proposed ninety-day extension. (Thomassen Decl. at ¶¶ 5-7.) If granted, the extension would allow: (1) the newly added party-Defendants time to answer and/or respond to the Amended Complaint, (2) Plaintiff to propound discovery requests on the newly added party-Defendants (presently, it's conceivable that the discovery period may in fact close before the newly added party-Defendants' are even obliged to file their answer and/or response to the First Amended Complaint, since none has been served as of this filing), and (3) all Parties an opportunity to

consent to proceed before the Magistrate Judge in this matter before important pre-trial deadlines pass by.  Again, because Palm Beach Mall Holdings, LLC, New England Development, Inc., and Eastern Real Estate, LLC were only just added to this lawsuit, there was simply no way for Plaintiff to engage with them.

10.     Third, this Motion is timely.  The only deadline to have passed is the one for amendments.  Because all other deadlines will either affect or depend upon information in the possession of the other Parties in this matter, now is the appropriate time to seek an extension for the remaining deadlines in this matter.

11.     For these reasons, Plaintiff respectfully requests that the Court extend the Pretrial Scheduling Order by 90 days, so as to allow sufficient time for (1) service of the Amended Complaint on each of the new party-defendants; (2) Defendants to answer or otherwise respond to the Amended Complaint; and (3) class- and merits-based discovery.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an order extending, by ninety (90) days, all dates pertaining to the pretrial schedule, (Dkt. No. 15 at ¶ 10), and granting such other and further relief as the Court deems equitable and just.

### CERTIFICATE OF GOOD FAITH CONFERENCE; UNABLE TO CONFER

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the movant has made reasonable efforts to confer with all parties and non-parties who may be affected by the relief sought in the motion but has been unable to do so.  The reasonable efforts made were specifically as follows:  Plaintiff's conferred with counsel for EMJ Corporation and Upscale Events By Mosaic, LLC regarding the instant request to Modify the Pretrial Scheduling Order.  However, counsel for the movant was unable to confer with the remaining Defendants (Palm

Beach Mall Holdings, LLC; New England Development, Inc.; and Eastern Real Estate, LLC), because each became a party-Defendant as of today and, as of the time of this filing, none has been served with a copy of the First Amended Complaint.

Dated:  June 10, 2013                               Respectfully submitted,

DEBBIE LANZA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

By:  /s/ Stefan Coleman

Stefan Coleman, Esq. (#30188)
LAW OFFICES OF STEFAN COLEMAN, PLLC
201 S Biscayne Blvd, 28th Floor
Miami, Florida 33131
Telephone: (877) 333-9427
Fax:  (888) 498-8946
law@stefancoleman.com

Rafey S. Balabanian
Ari J. Scharg*
Christopher L. Dore
Benjamin H. Richman
Benjamin S. Thomassen
EDELSON LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60604
Telephone: (312) 589-6380
rbalabanian@edelson.com
ascharg@edelson.com
cdore@edelson.com
brichman@edelson.com
bthomassen@edelson.com

*Counsel for Debbie Lanza and the Putative Class*

*\* Pro Hac Vice*

## CERTIFICATE OF SERVICE

      I, Stefan Coleman, an attorney, certify that on June 10, 2013, I served the above and foregoing *Motion and Incorporated Memorandum of Law in Support of Motion to Modify Scheduling Order*, by causing true and accurate copies of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system, on this the 10th day of June, 2013

      /s/ Stefan Coleman