IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:13-cv-80093-DMM

DEBBIE LANZA, individually and on behalf of all others similarly situated,

    *Plaintiff*,

v.

UPSCALE EVENTS BY MOSAIC, LLC d/b/a THE MOSAIC GROUP, a Florida limited liability company, PALM BEACH MALL HOLDINGS, LLC, a Delaware limited liability company, NEW ENGLAND DEVELOPMENT, INC., a Massachusetts corporation, and EASTERN REAL ESTATE, LLC, a Delaware limited liability company.

    *Defendants*.

**PLAINTIFF'S LOCAL RULE 56.1 STATEMENT
OF MATERIAL FACTS IN OPPOSITION TO PALM BEACH
MALL HOLDINGS LLC'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Debbie Lanza, by and through her undersigned counsel, pursuant to Local Rule 56.1, submits the following statement of material facts in opposition to Palm Beach Mall Holdings LLC's motion for summary judgment:

**Responses to PBMH Statements of Material Fact**

1. Undisputed.

2. The evidence cited by PBMH does not support the entire statement. Nevertheless, undisputed.

3. Undisputed.

4. Undisputed.

5. Undisputed.

1

6. The evidence cited by PBMH does not support the entire statement. Nevertheless, undisputed.

7. Undisputed.

8. Disputed as to the characterization of Mosaic as an "independent contractor." Neither the PBMH-Mosaic Agreement nor addendum to that agreement refers to Mosaic as an independent contractor. (PSOF ¶ 16.)[1] Further, the evidence cited by PBMH does not support the entire statement (and page 23 of the Carabine Dep., cited by PBMH, is not attached). Nevertheless, other than the characterization of Mosaic as an "independent contractor," the statement is undisputed.

9. Undisputed.

10. Undisputed.

11. Undisputed, except that PBMH had the power to instruct Mosaic not to use in its recruitment efforts any of the methods listed in the PBMH-Mosaic Agreement. (PSOF ¶ 14.)

12. Undisputed, except that PBMH had the power to instruct Mosaic not to use in its recruitment efforts any of the methods listed in the PBMH-Mosaic Agreement. (PSOF ¶ 14.)

13. Undisputed, except that PBMH had the power to instruct Mosaic not to use in its recruitment efforts any of the methods listed in the PBMH-Mosaic Agreement (PSOF ¶ 14).

14. Other than non-substantive errors in quoting the PBMH-Mosaic Agreement, undisputed.

15. Undisputed.

16. Other than non-substantive errors in quoting the PBMH-Mosaic Agreement, undisputed.

---

[1] "PSOF" refers to Plaintiff's Local Rule 56.1 Statement of Material Facts submitted in support of her Motion for Partial Summary Judgment filed on August 26, 2013 (Dkt. 86).

17. Undisputed.

18. The evidence cited by PBMH to support this statement misstates the date of the first job fair. Nevertheless, undisputed.

19. Undisputed that approximately 385 people attended the first job fair. Disputed that those attendees provided contact information so that they could be contacted regarding employment opportunities; the evidence cited by PBMH does not support that statement.

20. Undisputed.

21. Undisputed.

22. Undisputed that the second job fair was held on August 7, 2012, that the second job fair targeted contractors and subcontractors who provide general trades services, and that approximately 473 people attended the second job fair. Disputed that those attendees provided contact information so that they could be contacted regarding employment opportunities; the evidence cited by PBMH does not support that statement.

23. Undisputed.

24. Undisputed.

25. Undisputed.

26. Undisputed, except that PBMH had the power to instruct Mosaic not to use in its recruitment efforts any of the methods listed in the Addendum, (PSOF ¶ 14), and Mosaic repeatedly communicated to PBMH its intention to use text messaging to promote the third job fair, (PSOF ¶¶ 18 – 24).[2]

27. Undisputed that the third job fair was held on August 21, 2012, and that approximately 1,869 people attended the third job fair. Disputed that those attendees provided

---

[2]   Page 70 of the Carabine Dep., cited by PBMH, is not included in Exhibit 1 to PBMH's statement of facts.

contact information so that they could be contacted regarding employment opportunities; the evidence cited by PBMH does not support that statement.

  28. Undisputed.

  29. Undisputed.

  30. Disputed. The evidence cited by PBMH does not support the statement. To the contrary, the PBMH-Mosaic Agreement and Addendum both expressly authorized Mosaic to use text messaging. (PSOF ¶¶ 3 – 13.)

  31. Disputed. Mosaic repeatedly communicated to PBMH its intention to use text messaging. (PSOF ¶¶ 18 – 24.) In addition, the PBMH-Mosaic Agreement and Addendum both expressly authorized Mosaic to use text messaging. (PSOF ¶¶ 3 – 13.)

  32. Disputed. The PBMH-Mosaic Agreement and Addendum expressly directed Mosaic to send text messages, (PSOF ¶¶ 3 – 13), Mosaic repeatedly communicated to PBMH its intention to send text messages on its behalf, (PSOF ¶¶ 18 – 24), and upon receiving these communications, PBMH did not instruct Mosaic to refrain from sending text messages—to the contrary, PBMH responded positively to most of the communications (PSOF ¶¶ 25 – 27).

  33. Undisputed.

  34. Undisputed.

  35. Undisputed.

  36. Undisputed.

  37. Disputed. Whether the equipment used to send the text messages was an ATDS within the meaning of the TCPA is a legal question to be resolved by the Court, and inappropriate for a statement of material facts. In any event, the equipment used to send the text messages had the capacity to store and automatically dial telephone numbers (PSOF ¶¶ 30, 32),

4

and thus falls within the statutory definition of ATDS. 47 U.S.C. § 227(a)(1).

38.	Undisputed.

39.	Undisputed.

40.	Disputed to the extent this statement suggests that the equipment used was not an ATDS. Whether the equipment used to send the text messages was an ATDS within the meaning of the TCPA is a legal question to be resolved by the Court. Undisputed that Mr. Smith could not answer that legal question. Nevertheless, Mr. Smith testified that the equipment had the capacity to store and automatically dial telephone numbers, (PSOF ¶ 30), meaning that the equipment does indeed fall within the statutory definition of ATDS. 47 U.S.C. § 227(a)(1).

41.	Disputed. Mr. Smith testified that the equipment used to send the text messages had the capacity to store and automatically dial telephone numbers. (PSOF ¶ 30.)

42.	Undisputed.

43.	Undisputed.

44.	Disputed. The PBMH-Mosaic Agreement and Addendum specified the means and methods that Mosaic was authorized to employ in its outreach activities. (PSOF ¶¶ 4, 11.) Further, PBMH had the power to instruct Mosaic not to use in its outreach activities any of the methods listed in the PBMH-Mosaic Agreement or Addendum (PSOF ¶ 14), and Mosaic did not have authority to engage in any outreach activities that were not specified in and authorized by the PBMH-Mosaic Agreement or Addendum (PSOF ¶ 15).

45.	The evidence cited by PBMH does not support the statement. Nevertheless, undisputed.

46.	The evidence cited by PBMH does not support the first sentence of the statement. Nevertheless, that sentence is undisputed. The second sentence of the statement is disputed. The

Addendum to the PBMH-Mosaic Agreement expressly authorized Mosaic to engage in text messaging to promote the third job fair. (PSOF ¶¶ 10 – 13.) Further, Mosaic repeatedly communicated to PBMH its intention to use text messaging as part of its recruiting efforts, including with respect to the third job fair. (PSOF ¶¶ 18 – 24.)

    47.    Undisputed.[3]

    48.    Undisputed.

### Additional Material Facts

Plaintiff's Local Rule 56.1 Statement of Material Facts submitted in support of her Motion for Partial Summary Judgment filed on August 26, 2013 (Dkt. 86) sets forth additional facts that are material to resolution of PBMH's motion for summary judgment, and Plaintiff incorporates all such facts as if fully set forth herein.

                                    **DEBBIE LANZA**, individually and on behalf of all others similarly situated,

Dated: September 19, 2013                  By: /s/ Stefan Coleman
                                                    One of Plaintiff's Attorneys

                                              Stefan Coleman, Esq. (#30188)
                                              Law Offices of Stefan Coleman, LLC
                                              201 South Biscayne Boulevard, 28th Floor
                                              Miami, Florida 33131
                                              Tel: 877.333.9427
                                              Fax: 888.498.8946
                                              law@stefancoleman.com

                                              By: /s/ Ari J. Scharg
                                                      One of Plaintiff's Attorneys

                                              Rafey S. Balabanian
                                              Ari J. Scharg*
                                              Benjamin S. Thomassen
                                              EDELSON LLC

---

[3]    Pages 51 and 52 of the Sorrell Dep., cited by PBMH, are not included in Exhibit 4 to PBMH's statement of facts.

350 North LaSalle Street, Suite 1300
Chicago, Illinois 60604
Telephone: (312) 589-6380
rbalabanian@edelson.com
ascharg@edelson.com
bthomassen@edelson.com

\* Admitted *pro hac vice*

*Counsel for Plaintiff and the putative class*

## **CERTIFICATE OF SERVICE**

   I, Stefan Coleman, an attorney, certify that on September 19, 2013, I served the above and foregoing ***Plaintiff's Local Rule 56.1 Statement of Material Facts in Opposition to Palm Beach Mall Holdings LLC's Motion for Summary Judgment***, by causing true and accurate copies of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system, on this 19th day of September, 2013

                 /s/ Stefan Coleman