IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-CV-80093

DEBBIE LANZA, individually and on behalf of all others similarly situated,

   *Plaintiff*,

v.

UPSCALE EVENTS BY MOSAIC, LLC d/b/a THE MOSAIC GROUP, a Florida limited liability company, and PALM BEACH MALL HOLDINGS, LLC, a Delaware limited liability company,

   *Defendants*.

## JOINT PRETRIAL STIPULATION

Pursuant to Rule 16.1(e) of the Local Rules of the United States District Court for the Southern District of Florida, and in accordance with the Court's April 18, 2013 Pretrial Scheduling Order (Dkt. 15), Plaintiff Debbie Lanza ("Plaintiff") and Defendants Upscale Events by Mosaic, LLC ("Mosaic") and Palm Beach Mall Holdings, LLC ("PBMH") ("Defendants") (the Plaintiff and Defendants are collectively referred to as the "Parties"), hereby submit this Joint Pretrial Stipulation.

**I. STATEMENT OF THE CASE**

The Plaintiff alleges that, prior to August 21, 2012, Mosaic sent, at the direction of PBMH, the following text message to her and the putative class members:

> Over 1500 construction jobs are available for the New Palm Beach Mall. Attend the Job Fair tomorrow Aug 21 Gaines Park 9-4 PM Register at http://pboutletmall.com

The Plaintiff alleges that the text messages were sent in violation of the Telephone Consumer

1

Protection Act, 47 U.S.C. § 227 ("TCPA"), and she seeks actual and statutory damages on behalf of herself and the putative class members. The Defendants deny the allegations.

As the Court is aware, the Parties have reached an agreement in principle to settle this class action lawsuit on a classwide basis in exchange for a full and complete release of all claims brought against the Defendants, subject to preliminary and final approval of the Settlement. The Settlement will be memorialized in a comprehensive written Settlement Agreement and related documents, which the Parties will endeavor to file with the Court as part of a motion for preliminary approval within 30 days. At the Court's election, the Parties stand ready to submit to chambers under separate cover a confidential version of the Memorandum of Understanding, which was executed by the Parties on October 3, 2013.

## II.     BASIS FOR FEDERAL JURISDICTION

This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., which is a federal statute.

## III.    PLEADINGS RAISING THE ISSUES FOR TRIAL

The issues for trial are raised in Plaintiff's First Amended Class Action Complaint filed on June 10, 2013 (Dkt. 35), Defendant PBMH's Amended Answer and Affirmative Defenses filed on August 15, 2013 (Dkt. 74), and Defendant Mosaic's Answer and Affirmative Defenses filed on August 21, 2013 (Dkt. 75).

## IV.    PENDING UNDISPOSED MOTIONS

The following three motions are currently pending. The Parties respectfully request that the Court withhold its rulings on each of these three motions in order to permit the settlement of this matter to proceed on the terms agreed to by the Parties.

    1.    Plaintiff Lanza's Motion for Class Certification (Dkt. 83).

    2.    Plaintiff Lanza's Motion for Partial Summary Judgment (Dkt. 85).

    3.    Defendant PBMH's Motion for Summary Judgment (Dkt. 79).

## V. STATEMENT OF UNCONTESTED FACTS

    1.    PBMH is currently developing and constructing the Palm Beach Outlet Mall in Palm Beach County Florida.

    2.    On or about June 20, 2012, PBMH and Mosaic entered into a contract, under which Mosaic agreed to recruit contractors and construction workers for PBMH to work on the Palm Beach Outlet Mall Project.

    3.    PBMH and Mosaic also executed an addendum to that contract relating to an August 21, 2012 job fair.

    4.    The contract and addendum referenced "text messaging" by Mosaic.

    5.    The contract indicated that Mosaic would act in accordance with applicable laws and the standard of care (as defined therein).

    6.    Mosaic purchased a CD-ROM from the Florida State Division of Elections, which contained voter data, including demographic information on voters in Palm Beach County.

    7.    Mosaic sorted the voter data from the CD-ROM by, among other things, telephone number prefix and zip code to create a list of cell phone numbers.

    8.    Mosaic also collected phone numbers from a variety of other sources, including phone numbers provided by registrants at two job fairs, business cards Mosaic obtained in connection with prior events, visitors who registered at the http://www.pboutletmall.com website, and individuals who visited or called Mosaic's office and provided their contact information.

9. Mosaic uploaded the list of cell phone numbers it created into a combination of computer hardware and software that it used to send text messages regarding the August 21, 2012 job fair.

10. Mosaic billed PBMH for the text message campaign, both on an hourly and per-message basis, which PBMH paid.

11. Plaintiff Lanza received the text message at issue on her cell phone.

12. Plaintiff Lanza never authorized Mosaic or PBMH to send any text message to her cell phone, nor did she ever provide Mosaic or PBMH with her cell phone number.

13. Plaintiff Lanza is not involved in the construction industry, nor was she looking for a job at the time she received the text message at issue.

14. PBMH did not review the content of the text messages before they were sent.

## VI. STATEMENT OF ISSUES OF FACT WHICH REMAIN TO BE LITIGATED AT TRIAL

Three primary issues of fact remain to be litigated at trial.

1. The Parties dispute the nature of the relationship between PBMH and Mosaic, including whether PBMH controlled and/or directed Mosaic to send the text messages at issue. Plaintiff contends that this issue is relevant to the issue of vicarious liability.

2. The Parties dispute whether the equipment used to send the text messages met the statutory definition of an "automatic telephone dialing system" ("ATDS") set forth in 47 U.S.C. § 227(a)(1).

3. The Parties dispute whether Defendants acted willfully and knowingly, which is relevant to the issue of damages.

This list is not exhaustive, and the parties reserve the right to litigate additional issues at trial, if necessary.

**VII.    STATEMENT OF ISSUES OF LAW ON WHICH THERE IS AGREEMENT**

The Parties do not dispute that text messages fall within the statutory definition of "calls" under the TCPA.

**VIII.   STATEMENT OF ISSUES OF LAW WHICH REMAIN TO BE LITIGATED AT TRIAL**

Three primary issues of law remain to be litigated at trial.

1.  The Parties dispute whether PBMH is vicariously liable for Mosaic's sending of the text messages at issue.

2.  The Parties dispute whether the equipment used by Mosaic to send the text messages at issue here meets the statutory definition of an ATDS under the TCPA.

3.  The Parties dispute whether PBMH and/or Mosaic are liable for treble damages under the TCPA.

This list is not exhaustive, and the Parties reserve the right to litigate additional issues of law at trial.

**IX.    TRIAL EXHIBITS, WITNESS LISTS AND DEPOSTION DESIGNATIONS[1]**

The Parties' respective Exhibit Lists, Witness Lists, and Deposition Designations are attached hereto.

**X.     ESTIMATED TIME FOR TRIAL**

The Parties estimate that the trial of this case will require 2-3 days.

---

[1] The Parties intend that the disclosures made herein and in the referenced attachments satisfy the requirements of Fed. R. Civ. P. 26(a)(3). Accordingly, the Parties need not serve any additional documents under that Rule.

Dated: October 7, 2013

Respectfully submitted,

**DEBBIE LANZA**, individually and on behalf of all others similarly situated,

By: /s/ Stefan Coleman

Stefan Coleman, Esq. (#30188)
LAW OFFICES OF STEFAN COLEMAN, PLLC
201 S Biscayne Blvd, 28th Floor
Miami, Florida 33131
Telephone: (877) 333-9427
Fax: (888) 498-8946
law@stefancoleman.com

By: /s/ Ari J. Scharg

Rafey S. Balabanian
Ari J. Scharg*
Benjamin H. Richman
Benjamin S. Thomassen
EDELSON LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60604
Telephone: (312) 589-6380
rbalabanian@edelson.com
ascharg@edelson.com
brichman@edelson.com
bthomassen@edelson.com

*Admitted Pro Hac Vice*

*Counsel for Debbie Lanza and the Putative Class*

Dated: October 7, 2013

**PALM BEACH MALL HOLDINGS LLC**

By: /s/ Brian M. Seymour
One of Defendant's Attorneys

Brian M. Seymour (#120308)
Gregor J. Schwinghammer, Jr. (#90158)
GUNSTER
777 South Flagler Drive, Suite 500 East
West Palm Beach, FL 33401

Tel: (561) 650-0621
bseymour@gunster.com
gschwinghammer@gunster.com

Richard M. Zielinski (BBO #540060)*
Jonathan E. Small (BBO #672480)*
GOULSTON & STORRS PC
400 Atlantic Avenue
Boston, MA 02110
Tel: (617) 482-1776
rzielinski@goulstonstorrs.com
jsmall@goulstonstorrs.com

*Admitted *pro hac vice*

*Attorneys for Defendant Palm Beach Mall Holdings LLC*

Dated: October 7, 2013　　　　**DEFENDANT UPSCALE EVENS BY MOSAIC, LLC D/B/A/ THE MOSAIC GROUP**

By: /s/ Donald J. Thomas
One of Defendant's Attorneys

Donald J. Thomas (#834599)
LEWIS & THOMAS LLP
445 East Palmetto Park Road
Boca Raton, Florida 33432
Tel: (561) 368-7474
Fax: (561) 368-0293
don@beltlawyers.com

*Attorney for Defendant Upscale Evens by Mosaic, LLC d/b/a/ The Mosaic Group*

7

## **CERTIFICATE OF SERVICE**

      I, Stefan Coleman, an attorney, certify that on October 7, 2013, I served the above and foregoing ***Joint Pretrial Stipulation****,* by causing true and accurate copies of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system, on this the 7th day of October, 2013

                                                                     /s/ Stefan Coleman