# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-CV-80093-DMM/DLB

DEBBIE LANZA, individually and on behalf of
all others similarly situated,

       *Plaintiff*,

v.

UPSCALE EVENTS BY MOSAIC, LLC d/b/a
THE MOSAIC GROUP, a Florida limited liability
company, and PALM BEACH MALL
HOLDINGS LLC, a Delaware limited liability
company,

       *Defendants*.

_____/

## CLASS ACTION SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement" or "Settlement Agreement") is entered into by and among Plaintiff Debbie Lanza ("Plaintiff" or "Lanza"), the Settlement Class[1] (Lanza and the Settlement Class are collectively referred to herein as "Plaintiffs"), and Defendants Upscale Events by Mosaic, LLC d/b/A The Mosaic Group ("Mosaic") and Palm Beach Mall Holdings LLC ("PBMH") (collectively, "Defendants"). The Plaintiff and Defendants are collectively referred to herein as the "Parties." This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions of this Settlement Agreement, and subject to the approval of the Court.

## RECITALS

A.      On January 29, 2013, Plaintiff Lanza filed a putative class action in the United States District Court for the Southern District of Florida, captioned *Lanza v. EMJ Corporation,*

---

[1]      Except as otherwise specified, defined terms shall have the meanings set forth in Section 1 of this Agreement.

*et al.*, Case No. 13-cv-80093-DMM/DLB (the "Action"), alleging that Mosaic and EMJ

Corporation ("EMJ") sent unsolicited text messages to thousands of consumers promoting the

"New Palm Beach Mall" job fair in violation of the Telephone Consumer Protection Act, 47

U.S.C. § 227 ("TCPA"). (Dkt. 1.)

        B.      Following the Rule 26(f) conference, the then-parties exchanged initial

disclosures and Plaintiff propounded discovery.  Based upon the documents and information that

was produced by EMJ and Mosaic through discovery, Plaintiff identified three additional parties

that she believed were directly involved in the transmission of the text messages at issue, and on

May 13, 2013, moved the Court for leave to file an amended complaint adding PBMH, New

England Development, Inc. ("New England"), and Eastern Real Estate, LLC ("Eastern Real

Estate") as named party-defendants.  (Dkt. 23.)

        C.      After full briefing, the Court granted Plaintiff's motion over Mosaic's opposition

(Dkt. 34), and Plaintiff filed her Amended Class Action Complaint on June 10, 2013. (Dkt. 35.)

After appearances were filed by the newly-added defendants, each of the defendants then filed

their Answers, (Dkts. 47, 49, 50, 51, 74, 75), and Plaintiff immediately propounded discovery on

the newly-added defendants.

        D.      In the weeks leading up to the Parties' court-mandated settlement conference

before the Hon. Dave Lee Brannon, the Parties exchanged thousands of pages of documents

through discovery, and met and conferred at length in an attempt to narrow the facts and issues in

dispute.  For her part—based on the documents and information produced—Plaintiff determined

that Defendant EMJ was not a necessary party to the lawsuit, and that, in the interests of

efficiency and judicial economy, it would be appropriate to voluntarily dismiss defendant EMJ,

without prejudice.  As such, Plaintiff and defendant EMJ filed a Joint Stipulation of Dismissal,

which the Court accepted and entered on July 22, 2013.  (Dkt. 62.)

      E.     On July 23, 2013, the Parties—including Plaintiff Lanza and the defendants' respective corporate representatives—participated in an in-person settlement conference before the Hon. Dave Lee Brannon.  (Dkt. 65.)  After several rounds of arm's-length negotiations with the assistance of Judge Brannon, the Parties were unable to reach an agreement.  Nonetheless, based upon additional information provided by defendants at the settlement conference (in addition to that already produced during discovery), Plaintiff determined that defendants New England and Eastern Real Estate were not necessary parties to the lawsuit, and that, in the interests of efficiency and judicial economy, it would be appropriate to voluntarily dismiss them, without prejudice.  As such, the Parties filed a Joint Stipulation of Dismissal, which the Court accepted and entered on September 6, 2013.  (Dkt. 93.)

      F.     Following the settlement conference, Plaintiff continued to engage in discovery with the remaining Defendants—PBMH and Mosaic—which included a second production of several thousand more documents, the deposition of Plaintiff Lanza, and the Rule 30(b)(6) depositions of Defendants' corporate representatives.  The Parties also agreed to continue exploring the possibility of settlement in the weeks after the settlement conference.  However, after reaching an impasse early on, the Parties decided to table further settlement discussions until after the close of discovery.

      G.     On August 26, 2013—two weeks after discovery closed—Defendant PBMH filed its motion for summary judgment (Dkt. 79), and Plaintiff filed her motion for class certification (Dkt. 83) and cross-motion for partial summary judgment (Dkt. 85).  These motions are fully briefed and remain pending.

      H.     Immediately after filing their opening motions on August 26, 2013, the Parties

redoubled their settlement efforts in an attempt to reach a classwide resolution. After several additional rounds of arm's-length negotiations, the Parties were finally able to bridge the gap and reach an agreement on the principal terms of a settlement. The Parties memorialized their agreement in a Memorandum of Understanding, which was executed on October 3, 2013. Notwithstanding, pursuant to the Court's directives (Dkt. 108), the Parties continued to adhere to the Court's Scheduling Order (Dkt. 15), and, on October 7, 2013, the Parties filed their Joint Pretrial Stipulation (Dkt. 109), and disclosed their respective trial witness and exhibit lists. (Dkt. 109, Exhibits 1-5.)

   I.  Plaintiff Lanza believes that the claims asserted in the Action against the Defendants have merit and that she would have ultimately succeeded in obtaining adversarial certification of the proposed Settlement Class under Rule 23 and prevailing on the merits through her motion for partial summary judgment or trial. Nonetheless, Plaintiff and Class Counsel recognize and acknowledge that the Defendants have raised factual and legal defenses in the Action that present a risk that Plaintiff may not prevail. Plaintiff and Class Counsel also have taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulties and delays inherent in such litigation. Therefore, Plaintiff believes that it is desirable that the Released Claims be fully and finally compromised, settled and resolved with prejudice, and barred pursuant to the terms set forth herein.

   J.  Based on their comprehensive examination and evaluation of the law and facts relating to the matters at issue in the Action, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class Members to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

K.     At all times, Defendants have denied and continue to deny any wrongdoing whatsoever and have denied and continue to deny that they committed, or threatened, or attempted to commit any wrongful act or violation of law or duty alleged in the Action.  The Defendants also deny: (1) each and all of the claims and contentions alleged by Plaintiff in the Action; (2) all charges of wrongdoing or liability against them or their agents arising out of any conduct, statements, acts or omissions alleged in the Action; (3) that Plaintiff or the Settlement Class is entitled to any form of damages based on the conduct alleged in the Action; and (4) that the putative class defined in Plaintiff's Complaint could properly be certified under Rule 23 of the Federal Rules of Civil Procedure.  In addition, the Defendants maintain that they have meritorious defenses to the claims alleged in the Action and were prepared to vigorously defend all aspects of the Action.  Nonetheless, taking into account the uncertainty and risks inherent in any litigation, the Defendants have concluded that further defense of the Action would be protracted, burdensome, and expensive, and that it is desirable and beneficial to them that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement.  Further, this Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of, or an admission or concession of, the propriety of class certification for purposes of litigation, or of any alleged fault, wrongdoing, liability, or responsibility for damages by or on the part of the Defendants, or any of the Released Parties (defined below).

L.     The Parties agree that all Persons shall have an individual right to exclude themselves from the Settlement Class, such that participation in the Monetary and Prospective Relief  provided by this Agreement shall be voluntary.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among

Plaintiff Lanza, the Settlement Class, and each of them, and Defendants Mosaic and PBMH, by and through their respective undersigned counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Settlement Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## AGREEMENT

1.      **DEFINITIONS**.

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1      **"Approved Claim"** means, subject to Paragraphs 5.2, 5.3, and 5.4, a Claim Form submitted by a Settlement Class Member that is (a) submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement, (b) fully and truthfully completed and executed, with all of the information requested in the Claim Form, including the cellular phone number that received the Text Message, and the Settlement Class Member's current mailing address, and (c) signed by the Settlement Class Member, physically or electronically, subject to the pains and penalties of perjury, affirming that the Settlement Class Member received the Text Message on his, her, or its cell phone, did not provide prior express consent to either or both Defendants, and is a member of the Settlement Class.

1.2      **"Claim Form"** means the document substantially in the form attached hereto as Exhibit A, as approved by the Court. The Claim Form, to be completed by Settlement Class Members who wish to file a Claim for a payment pursuant to this Agreement, shall be available

in paper and electronic format.

      **1.3**     **"Claims Deadline"** means the date by which all Claim Forms must be postmarked or submitted on the settlement website established pursuant to Paragraph 4.2(d) to administer this Settlement to be considered timely and shall be set as a date no later than forty-five (45) days after entry of the Final Judgment.  The Claims Deadline shall be clearly set forth in the Preliminary Approval Order and in the Final Judgment as well as in the Notice and the Claim Form.

      **1.4**     **"Class Counsel"** means Rafey S. Balabanian and Ari J. Scharg of Edelson LLC.

      **1.5**     **"Class Representative"** means the named-Plaintiff in this Action, Debbie Lanza.

      **1.6**     **"Court"** means the United States District Court for the Southern District of Florida.

      **1.7**     **"Defendants"** means the remaining named-Defendants in this Action, Upscale Events by Mosaic, LLC d/b/a The Mosaic Group and Palm Beach Mall Holdings LLC, collectively.

      **1.8**     **"Defendants' Counsel"** means with respect to Defendant Upscale Events by Mosaic, LLC d/b/a The Mosaic Group: Donald J. Thomas of Lewis & Thomas LLP; and with respect to Defendant Palm Beach Mall Holdings LLC: Brian M. Seymour of Gunster, Yoakley & Stewart, P.A. and Richard M. Zielinski, Richard J. Rosensweig, Leonard H. Freiman, and Jonathan E. Small of Goulston & Storrs, P.C.

      **1.9**     **"Effective Date"** means the date ten (10) days after which all of the events and conditions specified in Paragraph 9.1 have been met and have occurred.

      **1.10**     **"Fee Award"** means the amount of attorneys' fees and reimbursement of costs and expenses awarded by the Court to Class Counsel.

1.11   **"Final"** means one business day following the later of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement under the Rules or by extension or reopening by the Court without such filing, noticing or extension; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award and/or Incentive Award, the date of completion, of all proceedings arising out of the appeal or appeals in a manner that finally affirms and leaves in place the Final Judgment without any material modification  (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari* in a manner that finally affirms and leaves in place the Final Judgment without any material modification.

1.12   **"Final Approval Hearing"** means the hearing before the Court to consider the fairness, reasonableness, and adequacy of the proposed settlement where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, the Fee Award, and the Incentive Award to the Class Representative.

1.13   **"Final Judgment"** means the Final Judgment and Order to be entered by the Court approving the Settlement after the Final Approval Hearing.

1.14   **"Monetary Relief"** means or refers to Defendants' payment of: (a) $150.00 to each Settlement Class Member that submits an Approved Claim subject to Paragraph 2.1(a); (b) Settlement Administration Expenses; (c) the Fee Award, if any; and (d) the Incentive Award to the Class Representative, if any.  Notwithstanding any other provision of this Settlement, the Defendants' obligations to pay Monetary Relief shall not exceed Six Million and Five Hundred

Thousand Dollars ($6,500,000.00) (the "Monetary Relief Cap").

**1.15** **"Notice"** means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to the Settlement Class substantially in the manner set forth in this Agreement, is consistent with the requirements of Due Process and Fed. R. Civ. P. 23, and is substantially in the form of Exhibits B, C, D, and E attached hereto.

**1.16** **"Notice Date"** means the date by which the Notice Plan set forth in Paragraph 4.2 is complete, which shall be a date no later than thirty (30) days after entry of the Preliminary Approval Order.

**1.17** **"Notice Plan"** means the proposed plan of disseminating notice to the Settlement Class of the proposed Settlement Agreement and of the Final Approval Hearing.

**1.18** **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement Class must be postmarked and/or filed with the Court, which shall be designated as a date no later than forty-five (45) days after the Notice Date, or such other date as ordered by the Court.

**1.19** **"Parties"** or **"Settling Parties"** means Plaintiff Debbie Lanza, the Settlement Class, and Defendants Upscale Events by Mosaic, LLC d/b/a The Mosaic Group and Palm Beach Mall Holdings LLC, collectively.

**1.20** **"Person"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity and their spouses, heirs, predecessors, successors, representatives, and assigns.

**1.21** **"Plaintiff"** means the named-Plaintiff in this Action, Debbie Lanza.

**1.22** **"Preliminary Approval"** means the Court's certification of the Settlement Class for settlement purposes, preliminary approval of the Settlement Agreement, and approval of the form of the Notice and of the Notice Plan.

**1.23** **"Preliminary Approval Order"** means the proposed order preliminarily approving the Agreement and directing notice thereof to the Settlement Class, to be submitted to the Court in conjunction with Plaintiff's motion for preliminary approval of the Agreement.

**1.24** **"Released Claims"** means any and all claims, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, that have been or could have been asserted, or in the future might be asserted, in the Action or in any court, tribunal or proceeding by or on behalf of the Plaintiff, any and all of the members of the Settlement Class, and their respective present or past heirs, spouses, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these Persons and entities, whether individual, class, direct, representative, legal, equitable or any other type or in any other capacity whether based on the TCPA or other federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against any or all of the Released Persons, which the Plaintiff and/or any member of the Settlement Class ever had, now has, or hereinafter may have, by reason of, arising out of, relating to, or in connection with, the allegations, facts, events, transactions, acts, occurrences, statements,

representations, omissions, or any other matter, thing or cause whatsoever, or any series thereof, embraced, involved, set forth or otherwise related, directly or indirectly to, the alleged claims in the Action, the sending of Text Messages to the Settlement Class, and/or the Text Messages themselves (including "Unknown Claims" as defined below).

1.25    **"Released Parties"** means Upscale Events by Mosaic, LLC d/b/a The Mosaic Group, Palm Beach Mall Holdings LLC, New England Development, Inc., and Eastern Real Estate LLC, and any and all of their present or past heirs, executors, estates, administrators, affiliates, predecessors, successors, assigns, parents, subsidiaries, associates, employers, employees, agents, consultants, independent contractors, insurers, directors, managers, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and Persons, firms, trustees, trusts, corporations, officers, directors, general or limited partnerships, other individuals or entities in which Defendants have a controlling interest or which are affiliated with any of them, or any other representatives of any of these Persons and entities.

1.26    **"Releasing Parties"** means Plaintiff, any Person in the Settlement Class, any Person claiming or receiving a Settlement Benefit, and each of their respective spouses, children, heirs, associates, co-owners, attorneys, agents, administrators, executors, devisees, predecessors, successors, assignees, representatives of any kind, shareholders, partners, directors, employees, or affiliates.

1.27    **"Settlement Administration Expenses"** means the first $150,000 of expenses incurred by the Settlement Administrator in providing Notice to, and processing Claim Forms submitted by, the Settlement Class, as well as any costs incurred in sending the CAFA notices

11

described in Paragraph 4.2(e) below, with such expenses to be paid by Defendants subject to the Monetary Relief Cap.  Any additional Settlement Administration Expenses in excess of $150,000 shall be paid by Class Counsel.

      1.28    **"Settlement Administrator"** means a reputable settlement administration firm, that is agreed upon by the Parties and approved by the Court, that will oversee the distribution of Notice as well as the processing and payment of claims to the Settlement Class as set forth in this Settlement Agreement.

      1.29    **"Settlement Class"** means all individuals within the United States who, in August 2012, received a text message promoting an August 21, 2012 job fair for the New Palm Beach Mall sent by or on behalf of Upscale Events by Mosaic, LLC and/or Palm Beach Mall Holdings LLC, without having provided either company prior express consent.  Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this action and members of their immediate families; (2) the Defendants, the Defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or its parents have a controlling interest, and any of their current or former officers, directors, employees, representatives, managers, members, and any other Person acting for or on behalf of either or both Defendants; (3) Persons who properly execute and file a timely request for exclusion from the Settlement Class; and (4) the legal representatives, successors or assigns of any such excluded persons.

      1.30    **"Settlement Class Member"** means a Person who falls within the definition of the Settlement Class as set forth above and who has not submitted a valid request for exclusion.

      1.31    **"Special Master"** means Rodney A. Max, or such other independent person to be agreed upon by the Parties or appointed by the Court to evaluate those Claim Forms submitted by purported members of the Settlement Class, the acceptance or rejection of which has been

challenged by Defendants or Class Counsel and not resolved between them within thirty (30) days.

**1.32** **"Text Messages"** means the text messages that were sent by or on behalf of Upscale Events by Mosaic, LLC and/or Palm Beach Mall Holdings LLC promoting an August 21, 2012 job fair for the "New Palm Beach Mall."

**1.33** **"Unknown Claims"** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

2.     **SETTLEMENT RELIEF.**

2.1    **Payments.**

(a)     Settlement Class Members shall have until the Claims Deadline to submit an Approved Claim.  Defendants agree to pay the sum of $150.00 to each Settlement Class Member who files an Approved Claim.  Notwithstanding the prior sentence, in the event that the total amount required to pay $150.00 to each Settlement Class Member that submits an Approved Claim would exceed the $6.5 million Monetary Relief Cap after payment of Settlement Administration Expenses, the Fee Award (if any), and the Incentive Award to the Class Representative (if any), then each Settlement Class Member with an Approved Claim shall receive a *pro rata* share of the funds remaining under the Monetary Relief Cap.

(b)     Within sixty (60) days after the Effective Date, or such other date as the Court may set, the Settlement Administrator, in coordination with Defendants, shall cause all Approved Claims to be paid by check and mailed to the claimants via First Class U.S. mail, unless rejected pursuant to Paragraph 5.2 below or challenged pursuant to Paragraph 5.3 below. No Settlement Class Member shall receive any payment until after all timely claims have been processed, any disputes as referenced in Paragraph 1.31 above have been resolved, and the Court grants final approval of the Settlement.

(c)     All cash payments issued to Settlement Class Members via check will state on the face of the check that the check will expire and become null and void unless cashed within ninety (90) days after the date of issuance. To the extent that a check issued to a Settlement Class Member is not cashed within ninety (90) days after the date of issuance, the check will be void, and such funds shall revert to the Defendants.  In no event will the funds represented by an uncashed check constitute abandoned or unclaimed property, and the

Defendants are entitled to all such funds.

**2.2     Prospective Relief:** The Defendants agree that they shall refrain from making directly, or indirectly through contractual agreement with others, text message calls (other than calls made for emergency purposes as set forth in TCPA § 227(b)(1)(A)) to any telephone number assigned to a cellular telephone service of a recipient within the United States, unless the recipient has given prior express consent to the Defendant(s).  The Defendants further agree to keep documentation (electronic or hard copy) of prior express consent received from each recipient for a period of four (4) years from the date that such consent is received.

**3.     RELEASES.**

**3.1**     The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

**3.2**     Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims, including without limitation Unknown Claims, against each and every one of the Released Parties.

**4.     NOTICE TO THE CLASS.**

**4.1**     Upon entry of the Preliminary Approval Order, the Settlement Administrator shall cause the Notice describing the Final Approval Hearing, the terms of the compromise embodied in this Settlement Agreement, and the Claim Form to be disseminated to the Settlement Class as provided herein. Such notice shall comport with due process, Rule 23, and be effectuated pursuant to a Notice Plan, the costs of which shall be Settlement Administration Expenses.

**4.2**     The Notice Plan shall include:

      **(a)**     *Class List*.  No later than seven (7) days after the execution of this

Settlement Agreement, Mosaic shall produce to the Settlement Administrator and Class Counsel a list of all known names and addresses of the Settlement Class Members in their possession, including those Mosaic is able to identify through a search of the State of Florida voting records database that was produced by Mosaic during discovery, to which the Text Messages were sent (the "Class List").  The Settlement Administrator shall use reasonable effort to identify the last known U.S. mailing addresses or email addresses of the Settlement Class from information contained in the Class List.

        **(b)**    *Direct Notice by Mail.*  The Settlement Administrator shall send Notice substantially in the form attached as Exhibit B, and an accompanying Claim Form with return postage pre-paid, to each physical address contained in the Class List through First Class U.S. Mail by no later than twenty-one (21) days after the entry of the Preliminary Approval Order, or by such other date as determined by the Court.  To the extent that only email addresses are available for certain Settlement Class Members, then the Settlement Administrator shall send Notice to such Settlement Class Members via email substantially in the form attached as Exhibit C, along with an electronic link to the Claim Form.  In the event that the transmission of such email notice results in any "bounce-backs," the Settlement Administrator shall, if possible, correct any issues that may have caused the "bounce-back" to occur and make a second attempt to re-send the email notice.

        **(c)**    *Publication.*  Publication shall be made by purchasing one daily insertion and one Sunday insertion of one-sixth page ad space in the South Florida Sun-Sentinel, Boca Raton Tribune, Palm Beach Daily News, Palm Beach Post, El Latino Semanal, and Semanario Accion, to be published within thirty (30) days of entry of the Preliminary Approval Order.  The text of such notice shall be substantially the same as is provided in Exhibit D.

(d)   *Internet Notice.*  Within ten (10) days following the entry of the Preliminary Approval Order, a Settlement Website located at URL www.palmbeachtextsettlement.com, which shall be administered by the Settlement Administrator, shall be live on the Internet and shall include the ability to electronically file Claim Forms online, provided that such Claim Forms, if signed electronically, will be binding for purposes of the perjury laws and contain a statement to that effect.  The Settlement Website shall remain live on the Internet through the expiration of the Claims Deadline.  The Notice on the Settlement Website shall be substantially in the form of Exhibit E attached hereto.

(e)   *CAFA Notice.*  Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, Defendant shall cause to be served upon the Attorneys General of each U.S. State in which Settlement Class members reside, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law.

**4.3**   The Notice shall advise the Settlement Class of their rights under the Settlement, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or its terms. The Notice shall specify that any objection to this Settlement Agreement, and any papers submitted in support of said objection, shall be received by the Court at the Final Approval Hearing, only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Person making an objection shall file notice of his or her intention to do so and at the same time (a) file copies of such papers he or she proposes to submit at the Final Approval Hearing with the Clerk of the Court, (b) file copies of such papers through the Court's CM/ECF system if the Person is represented by counsel, and (c) send copies of such papers via mail, hand, or overnight delivery service to both Class Counsel and

17

Defendants' Counsel.

4.4     Any member of the Settlement Class who intends to object to this Settlement Agreement must include his/her/its name and address, include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on), state that he, she or it is a Settlement Class Member and provide the cellular phone number that received the Text Message, and provide a statement whether the objector intends to appear at the Final Approval Hearing with or without counsel accompanied by the signature of the objecting Settlement Class Member.  Any Class Member who fails to timely file a written objection with the Court and notice of his, her or its intent to appear at the Final Approval Hearing in accordance with the terms of this Paragraph and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means and shall be deemed to have waived his, her, or its objections and be forever barred from making any such objections in the Action or any other action or proceeding.  To be valid, the objection must be filed and sent in accordance with Paragraph 4.3 to Class Counsel and Defendants' Counsel on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice.

4.5     A member of the Settlement Class may request to be excluded from the Settlement Class in writing by a request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice.  In order to exercise the right to be excluded, a member of the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her/its name and address, the cellular telephone number on which the Text Message was allegedly received, a signature, the name and number of

the case, and a statement that he/she/it wishes to be excluded from the Settlement Class. A request to be excluded that does not include all of the foregoing information, that is sent to an address other than that designated in the Class Notice, or that is not postmarked within the time specified, shall be invalid and the persons or entities serving such a request shall be members of the Settlement Class and shall be bound as Settlement Class Members by this Settlement Agreement, if approved. Any member of the Settlement Class who elects to be excluded shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement. The request for exclusion must be personally signed by the Person requesting exclusion. "Mass" or "class" opt-outs shall not be allowed. To be valid, a request for exclusion must be postmarked or received by the Settlement Administrator by the date specified in the Notice.

**4.6** The Parties shall have the right to permit a Settlement Class Member who has filed a timely written request for exclusion to withdraw such request and to participate in the settlement as if such request had never been made.

**5.     SETTLEMENT ADMINISTRATION.**

**5.1** The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendants' Counsel upon request at their respective cost. The Settlement Administrator shall

also provide reports and other information to the Court as the Court may require.  The Settlement Administrator shall provide Class Counsel and Defendants' Counsel with information concerning Notice, administration and implementation of the Settlement Agreement.  Should the Court request, the Parties, in conjunction with the Settlement Administrator, shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts paid to members of the Settlement Class on account of Approved Claims.  Without limiting the foregoing, the Settlement Administrator shall:

(a)     Forward to Defendants' Counsel, with copies to Class Counsel, all documents and other materials received in connection with the administration of the Settlement Agreement within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed per the terms of the Settlement Agreement;

(b)     Receive exclusion forms and other requests from Class Members to exclude themselves from the Settlement Agreement and promptly provide to Class Counsel and Defendants' Counsel a copy thereof.  If the Settlement Administrator receives any exclusion forms or other requests from Class Members after the Objection/Exclusion Deadline, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendants' Counsel;

(c)     Provide weekly reports to Class Counsel and Defendants' Counsel, including without limitation, reports regarding the number of Claim Forms received, the number thereof approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator; and

(d)     Make available for inspection by Class Counsel or Defendants' Counsel the Claim Forms and any supporting documentation received by the Settlement Administrator at

any time upon reasonable notice.

   **5.2**      The Settlement Administrator shall employ reasonable procedures to screen claims for abuse or fraud, including without limitation, by cross-referencing the information provided on the Claim Form against the Class List.  To the extent that a Settlement Class Member identifies a cell phone number that does not appear on the Class List, then the Settlement Administrator shall request additional information, which may include documentation, from the Settlement Class Member to demonstrate receipt of the Text Message and validate the claim.  The Settlement Administrator shall reject a Claim Form, or any part of a claim for a payment reflected therein, where there is evidence of abuse or fraud.  The Settlement Administrator shall also reject a Claim Form that does not contain all requested information necessary to screen the claim for fraud or abuse, after giving the claimant a reasonable opportunity (21 days) to provide any requested missing information.

   **5.3**      Both Defendants' Counsel and Class Counsel shall have the right to challenge the acceptance or rejection of a Claim Form submitted by Settlement Class Members.  The Settlement Administrator shall follow any agreed-to decisions of Defendants' Counsel and Class Counsel.  To the extent Defendants' Counsel and Class Counsel are not able to agree on the disposition of a challenge, the Special Master shall timely decide such challenge.  The Parties agree that the Settlement Administrator shall thereafter follow the decision of the Special Master resulting from any such challenge.  Settlement Class Members shall have the right to challenge the rejection of their claims in front of the Special Master within fourteen (14) days of receiving notice of such rejection.

   **5.4**      In the exercise of their duties outlined in this Agreement, both the Settlement Administrator and the Special Master shall have the right to reasonably request additional

information from the Parties or any Settlement Class Member.

**5.5**     The Final Approval Hearing shall be ninety (90) days after the Notice described in Paragraphs 4.2(e) is provided or such other time as the Court shall set.

**5.6**     Any Settlement Class Member who fails to exclude themselves from the Settlement Class and does not, in accordance with the terms and conditions of this Agreement, timely file a Claim Form will not be entitled to receive any Monetary Relief cash award or any other benefits pursuant to this Settlement Agreement, but will otherwise be bound together with all Settlement Class Members by all of the terms of this Settlement Agreement, including the terms of the Final Judgment to be entered in the Action and the releases provided for in this Settlement Agreement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

**6.     TERMINATION OF SETTLEMENT.**

**6.1**     Subject to Paragraph 9 below, the Class Representative, on behalf of the Settlement Class, or Defendants, shall have the right to terminate this Settlement Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties hereto within ten (10) days, of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant Final Approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court or any appellate court of competent jurisdiction or the Supreme Court; or (v) the date upon which an Alternative Judgment, as defined in Paragraph 9.1 of this Agreement, is modified or reversed in any material respect by the Court or any appellate court of competent jurisdiction or the Supreme Court.

**6.2**     If prior to the Final Approval Hearing, the number of Persons who otherwise would be Settlement Class Members that have timely requested exclusion exceeds 500, the Defendants shall have, in their sole and absolute discretion, the option to terminate this Settlement Agreement by serving written notice on the Court and Class Counsel within ten (10) business days after being informed in writing by the Settlement Administrator that there are 500 or more requests for exclusion timely filed.

7.     **PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER.**

**7.1**     Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement, certification of the Settlement Class for settlement purposes only, appointment of Class Counsel and the Class Representative, and entry of a Preliminary Approval Order, which Order shall set a Final Approval Hearing date and approve the Notice and Claim Form for dissemination in accordance with the Notice Plan, substantially in the form of Exhibits A, B, C, D, and E attached hereto.

**7.2**     At the time of the submission of this Settlement Agreement to the Court as described above, Class Counsel and Defendants' Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth herein.

**7.3**     After Notice is given, the Parties shall request and obtain from the Court a Final Judgment. The Final Judgment will (among other things):

**(a)**     find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Settlement Agreement, including all attached exhibits;

(b)     approve the Settlement Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Settlement Agreement according to its terms and provisions; and declare the Settlement Agreement to be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members, Releasing Parties, and their heirs, executors and administrators, successors and assigns;

(c)     find that the Notice and the Notice Plan implemented pursuant to the Settlement Agreement (1) constitute the best practicable notice under the circumstances, (2) constitute notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, their right to object to or exclude themselves from this Settlement Agreement and to appear at the Final Approval Hearing, (3) are reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice, and (4) meet all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution and the rules of the Court;

(d)     find that the Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement;

(e)     dismiss the Action (including all individual claims and Settlement Class claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in this Settlement Agreement;

(f)     incorporate the Release set forth above, make the Release effective as of the date of the Final Judgment, and forever discharge the Released Parties as set forth herein;

(g)     permanently bar and enjoin all Releasing Parties  who have not been

properly excluded from the Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

        **(h)**    authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all Exhibits to this Agreement) that (a) shall be consistent in all material respects with the Final Judgment, and (b) do not limit the rights of Settlement Class Members;

        **(i)**    without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

        **(j)**    incorporate any other provisions, as the Court deems necessary and just.

**8.**    **CLASS COUNSEL'S ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND INCENTIVE AWARD.**

    **8.1**    Defendants agree to pay Class Counsel reasonable attorneys' fees and to reimburse reasonable expenses in the Action, and to pay Class Representative a reasonable incentive award ("Incentive Award"), in amounts to be determined by the Court subject to any recommendations that the Parties may mutually agree to make to the Court.  The process for negotiating a potential recommendation shall be as follows: after execution of this Settlement Agreement, the Parties shall first attempt to agree upon the amounts of such Awards.  In the event that they do not reach agreement, the Parties shall mediate the issue(s) (in person or telephonically) with a mutually agreeable third-party neutral ("Neutral") with class action experience.  In the event the Parties are unable to reach an agreement, the Defendants reserve

their right to oppose the amount of any Fee and/or Incentive Awards sought from the Court, including through appeal.  Any failure by the Court to approve the provision for the Fee and/or Incentive Awards shall not affect the validity of the Settlement.  Unless the amount of either or both such Awards are appealed by either or both of the Parties, the Fee and Incentive Awards shall be payable by Defendants, subject to the Monetary Relief Cap, within five (5) business days after the date the Court enters the Final Judgment if there have been no objections to the Settlement Agreement or within five (5) business days after the Effective Date if there have been objection(s) filed, via electronic wire transfer to an account designated by Class Counsel.  Class Counsel shall provide Defendants with an executed IRS Form W-9 and wire transfer instructions for any award of fees and expenses that may be ordered by the Court.

9.      **CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

        **9.1**      The Effective Date of this Settlement Agreement shall not occur unless and until each and every one of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

                **(a)**      This Agreement has been signed by the Plaintiff, Defendants, Class Counsel, and Defendants' Counsel;

                **(b)**      The Court has entered the Preliminary Approval Order;

                **(c)**      The Court has entered an order finally approving the Settlement Agreement, following notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment substantially consistent with this Agreement with the Parties' consent; and

                **(d)**      The Final Judgment has become Final, as defined above, or, in the event that the Court enters an order and final judgment in a form other than that provided above

("Alternative Judgment") with the consent of the Parties, such Alternative Judgment becomes Final.

9.2     If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Settlement Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 9.3 unless Class Counsel and Defendants' Counsel mutually agree in writing to proceed with this Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Settling Parties.

9.3     If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1, 6.2, 9.1, or 9.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into.

10.     MISCELLANEOUS PROVISIONS.

10.1     The Parties: (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement. Class Counsel and Defendants' Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Settlement

Agreement, and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

      **10.2**    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff and the Settlement Class, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand.  Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiff or defended by Defendants, or each or any of them, in bad faith or without a reasonable basis.

      **10.3**    The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

      **10.4**    Whether or not the Effective Date occurs or this Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement:

      **(a)**    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as, an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

      **(b)**    is, may be deemed, or shall be used, offered or received against

Defendants as, an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

(c)      is, may be deemed, or shall be used, offered or received against Plaintiff or the Settlement Class, or each or any of them as, an admission, concession or evidence of, the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact alleged by Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d)      is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as, an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement.  Moreover, if this Settlement Agreement is approved by the Court, any party or any of the Released Parties may file this Settlement Agreement and/or the Final Judgment in any action that may be brought against such party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(e)      is, may be deemed, or shall be construed against Plaintiff and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them as, an admission or concession that the consideration to be given hereunder represents an amount

equal to, less than or greater than that amount that could have or would have been recovered after trial; and

        **(f)**    is, may be deemed, or shall be construed as or received in evidence as, an admission or concession against Plaintiff and the Settlement Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

    **10.5**    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

    **10.6**    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

    **10.7**    All of the Exhibits to this Settlement Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

    **10.8**    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any party concerning this Settlement Agreement or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

    **10.9**    Except as otherwise provided herein, each Party shall bear its own costs.

    **10.10**    Plaintiff represents and warrants that she has not assigned any claim or right or

interest therein as against the Released Parties to any other Person or Party and that she is fully entitled to release the same.

     **10.11**   Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

     **10.12**   This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement all exchange original signed counterparts. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

     **10.13**   This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

     **10.14**   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

     **10.15**   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Florida and the TCPA, excluding conflict of laws provisions.

     **10.16**   This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one party than another.

**10.17**   Where this Settlement Agreement requires notice to Class Counsel and Defendants' Counsel, such notice shall be sent to the undersigned counsel: Ari J. Scharg, Edelson LLC, 350 North LaSalle, Suite 1300, Chicago, Illinois 60654; Richard J. Rosensweig, Goulston & Storrs, P.C., 400 Atlantic Avenue, Boston, Massachusetts 02152; and Donald J. Thomas, Lewis & Thomas LLP, 445 East Palmetto Park Road, Boca Raton, Florida 33432.

**10.18**   The Parties agree to cooperate in good faith to ensure that any descriptions of the proposed settlement and/or this Settlement Agreement in the media or in any public forum are fair and accurate.  None of the Parties will make any press communications announcing the settlement of this Action without consultation with the others.

**10.19**   By execution of this Settlement Agreement, the Defendants do not intend to release any claim against any insurer for any cost or expense hereunder, including attorneys' fees and costs.

**10.20**   The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement.

[SIGNATURES APPEAR ON FOLLOWING PAGES]

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed on their behalf by their authorized counsel of record, all as of the day set forth below.

**DEBBIE LANZA**

Dated: 10/27/2013                   By: _____

**EDELSON LLC**
Attorneys for Plaintiff

Dated: 10/28/13                     By: _____
                                    Rafey S. Balabanian, Esq.
                                    Ari J. Scharg, Esq.

**GOULSTON & STORRS PC**
Attorneys for Palm Beach Mall Holdings, LLC

Dated: _____             By: _____
                                    Richard J. Rosensweig

**LEWIS & THOMAS LLP**
Attorneys for Upscale Evens by Mosaic, LLC d/b/a/
The Mosaic Group

Dated: _____             By: _____
                                    Donald J. Thomas

[SIGNATURES CONTINUED ON THE FOLLOWING PAGE]

33

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed on their behalf by their authorized counsel of record, all as of the day set forth below.

**DEBBIE LANZA**

Dated: _____          By: _____

**EDELSON LLC**
Attorneys for Plaintiff

Dated: _____          By: _____
Rafey S. Balabanian, Esq.
Ari J. Scharg, Esq.

**GOULSTON & STORRS PC**
Attorneys for Palm Beach Mall Holdings LLC

Dated: 10/28/13          By: _____
Richard J. Rosensweig

**LEWIS & THOMAS LLP**
Attorneys for Upscale Evens by Mosaic, LLC d/b/a/
The Mosaic Group

Dated:_____          By: _____
Donald J. Thomas

[SIGNATURES CONTINUED ON THE FOLLOWING PAGE]

33

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed on their behalf by their authorized counsel of record, all as of the day set forth below.

**DEBBIE LANZA**

Dated: _____        By: _____

**EDELSON LLC**
Attorneys for Plaintiff

Dated: _____        By: _____
                              Rafey S. Balabanian, Esq.
                              Ari J. Scharg, Esq.

**GOULSTON & STORRS PC**
Attorneys for Palm Beach Mall Holdings LLC

Dated: _____        By: _____
                              Richard J. Rosensweig

**LEWIS & THOMAS LLP**
Attorneys for Upscale Evens by Mosaic, LLC d/b/a/
The Mosaic Group

Dated: 10/28/13               By: _____
                              Donald J. Thomas

[SIGNATURES CONTINUED ON THE FOLLOWING PAGE]

33

**PALM BEACH MALL HOLDINGS LLC,**
a Delaware limited liability company

By: PBM Developer LLC, a Delaware limited
liability company, its Manager
By: NED PBM LLC, a Delaware limited liability
company, its Manager
By: NED Manager LLC, a Delaware limited
liability company, its Manager

Dated: 10/28/13

By (signature): _Steven S. Fischman_
Name (printed): _Steven S. Fischman_
Its (title): _Manager_

**UPSCALE EVENTS BY MOSAIC, LLC,**

Dated: _____

By (signature): _____

Name (printed): _____

Its (title): _____

34

**PALM BEACH MALL HOLDINGS LLC,**
a Delaware limited liability company

By: PBM Developer LLC, a Delaware limited
liability company, its Manager
By: NED PBM LLC, a Delaware limited liability
company, its Manager
By: NED Manager LLC, a Delaware limited
liability company, its Manager

Dated: _____

By (signature): _____
Name (printed): Steven S. Fischman
Its (title): Manager

**UPSCALE EVENTS BY MOSAIC, LLC,**

Dated: _____

By (signature): _Ann M Sorrell_
Name (printed): _Ann Marie Sorrell_
Its (title): _President /CEO_

34

GSDOCS\2271582.9

## <u>EXHIBITS</u>

**Exhibit A**    **Claim Form**

**Exhibit B**    **Direct Postcard Notice**

**Exhibit C**    **Direct Email Notice**

**Exhibit D**    **Publication Notice**

**Exhibit E**    **Website Notice**

# Exhibit A

***Lanza v. Upscale Events by Mosaic, LLC, et al.* CLAIM FORM**

**DEADLINE: THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY [CLAIMS DEADLINE] AND MUST BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.**

**Name**: _____   _____
    *(First)*          *(Last)*

**Address**: _____
    *(Street)*

_____   ___ ____   ___ _____ ___ ____
 *(City)*         *(State)*   *(Zip Code)*

**\*Your Cell Phone Number: (** ___ ___ ___**)** ___ ___ ___ − ___ ___ ___
**Your Current Phone Number if different: (** ___ ___ ___**)** ___ ___ ___ − ___ ___ ___
\*This must be the number that received the text message and will be checked against a list of telephone numbers to which the text messages at issue were sent.

By submitting this claim form and checking the boxes below, I declare that I am a member of the Settlement Class as defined in the Class Notice and that the following statements are true (each box must be checked for your claim to be eligible to receive a payment):

☐ In August 2012, I received a text message promoting an August 21, 2012 job fair for the New Palm Beach Mall directly from Upscale Events by Mosaic, LLC d/b/a the Mosaic Group or Palm Beach Mall Holdings LLC.  (Note: text messages about the job fair that you may have received *indirectly* (i.e., that were forwarded to you by friends, acquaintances, etc.) are not covered by this settlement.)

☐ Prior to receiving this text message, I did not provide Upscale Events by Mosaic, LLC d/b/a the Mosaic Group, or Palm Beach Mall Holdings LLC express consent to send me any text messages.

☐ Under penalty of perjury, all information provided in this Claim Form is true and correct to the best of my knowledge and belief.

Signature: _____   Date: _____
                      Your claim will be submitted to the Settlement Administrator for
                      review. If your claim is accepted, you will be mailed a check for $150
                      or a lesser *pro rata* share of funds available to Settlement Class
                      Members.  This process takes time, so please be patient.

# Exhibit B

**THIS IS A NOTICE OF SETTLEMENT OF A CLASS ACTION LAWSUIT**
**IF YOU WERE SENT A TEXT MESSAGE PROMOTING A JOB FAIR FOR THE NEW PALM BEACH MALL IN AUGUST 2012, YOU MAY BE ENTITLED TO $150 FROM A CLASS ACTION SETTLEMENT.**
*Para una notificacion en Español, visitar www.[website].com.*

**Purpose of this Notice.** A proposed class action settlement has been reached in a lawsuit over allegedly unauthorized text messages sent to consumers' cell phones in August 2012 promoting an August 21, 2012 job fair for the New Palm Beach Mall. The Defendants in this case are Upscale Events by Mosaic, LLC and Palm Beach Mall Holdings LLC. They deny they violated any law, and the Court has not determined who is right. However, the parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation. People included in the Settlement Class have legal rights and options, such as receiving settlement benefits or excluding themselves from or objecting to the settlement.

**How Do I Know if I am a Class Member?** The Settlement Class includes all persons in the United States who received a text message promoting an August 21, 2012 job fair at the New Palm Beach Mall in August 2012 directly from Upscale Events by Mosaic, LLC d/b/a The Mosaic Group and/or Palm Beach Mall Holdings LLC without providing either Defendant prior express consent. **Our records indicate you may have been sent a text message covered by the settlement.** A sample of the language of the text messages at issue is available at www.[website].com. Please note that text messages about the job fair that you may have received *indirectly* (i.e., that were forwarded to you by friends, acquaintances, etc.) are not covered by this settlement.

**What Can I Get From the Settlement?** If you are a Settlement Class Member, and the Court approves the Settlement, you are entitled to receive a payment of $150, or a lesser proportionate amount if the expenses, attorneys' fees, Class Representative incentive award, and approved claims filed by all Class Members exceed $6,500,000. The Settlement also requires Defendants to make certain changes to their communications practices.

**How Do I Submit a Claim for Payment?** To qualify for a payment, you must submit a timely and properly completed Claim Form signed under penalty of perjury. A Claim Form that can be mailed is included with this Notice. You may also file your claim online. Claim Forms must be signed and postmarked or submitted through the settlement website by **Month Day, 201X**.

**Other options.** If you do not want to be legally bound by the settlement, you must exclude yourself by **Month Day, 201X**. If you stay in the Settlement Class, whether or not you submit a Claim Form, you will not be able to sue Defendants for any claim released as part of the settlement. If you disagree with any part of the settlement and do not exclude yourself, you may object to the settlement by **Month Day, 201X**. The Court will hold a hearing on **Month Day, 201X** to consider whether to approve the settlement, to approve a request by Class Counsel for no more than [$**XX**] in attorneys' fees and expenses, to approve a request by Class Counsel for an incentive award for the Class Representative of no more than [$**XX**], and to consider a number of other important legal issues that will affect the rights of the members of the Settlement Class. The Court has appointed attorneys to represent the Settlement Class. However, you may hire your own attorney at your own expense.

**For more information**, including a more detailed notice, specific instructions on how to object to or exclude yourself from the settlement, an electronic Claim Form, a copy of the Settlement Agreement, which includes a full description of the release of claims against the Defendants, and other court documents, please visit the Settlement Website at www.[**website**].com, call [**number**], or write to the Lanza v. Upscale Events by Mosaic, LLC Settlement Administrator at [**address**].

Exhibit C

**IF YOU WERE SENT A TEXT MESSAGE PROMOTING A JOB FAIR FOR THE NEW PALM BEACH MALL IN AUGUST 2012, PLEASE READ THIS NOTICE CAREFULLY AS YOU MAY BE ENTITLED TO A $150 PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*Para una notificacion en Español, visitar www.[website].com*

**COURT AUTHORIZED NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT**

A proposed class action settlement has been reached in a lawsuit over allegedly unauthorized text messages sent to cell phones in August 2012 promoting an August 21, 2012 job fair for the "New Palm Beach Mall."

Your legal rights may be affected whether you act or don't act. Please read this Notice carefully. Visit www.[website].com to read the full Notice and the Settlement Agreement and to make a claim.

**What is the Lawsuit About?**

This lawsuit claims that unsolicited text messages were sent by or on behalf of Defendants Upscale Events by Mosaic, LLC, d/b/a the Mosaic Group, and Palm Beach Mall Holdings LLC, promoting a job fair for the New Palm Beach Mall held on August 21, 2012. The Plaintiff alleges that Defendants' conduct in sending those text messages violated the federal Telephone Consumer Protection Act, and she seeks to represent a group or "class" of persons who received such text messages.

Defendants deny they violated any law, and the Court has not determined who is right. Rather, the parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation. Defendants will vigorously defend the lawsuit if the proposed settlement is not approved.

**How Do I Know if I am a Class Member?**

You are a Class Member and could get a cash settlement payment if, in August 2012, you received a text message sent directly from Defendants Upscale Events by Mosaic, LLC, d/b/a the Mosaic Group and/or Palm Beach Mall Holdings LLC, promoting an August 21, 2012 job fair for the New Palm Beach Mall without providing either Defendant prior express consent. **Our records indicate you may have been sent a text message covered by the settlement.** A sample of the language of the text messages at issue is available at www.[website].com. Please note that text messages about the job fair that you may have received *indirectly* (i.e., that were forwarded to you by friends, acquaintances, etc.) are not covered by this settlement.

**What Can I Get From the Settlement?**

If you are a Settlement Class Member and the Court approves the settlement, you may be entitled to receive a maximum payment up to a $150. If the expenses, attorneys' fees, Class Representative incentive award, and approved claims filed by all Class Members exceed $6,500,000, members of the Class will receive a lesser *pro rata share* of funds available to the Class. The settlement also requires Defendants to change their communications practices to ensure they obtain consent prior to sending certain text messages.

The Settlement Agreement available at www.[website].com describes the details of the settlement. Only Class Members who submit valid claims will receive a payment.

**How Do I Submit a Claim for Payment?**

To qualify for a payment, you must submit a timely, truthful, accurate, and properly completed Claim Form signed under penalty of perjury. You may submit the Claim Form online at www.[website].com no later than [claims deadline] by following the instructions found with the link, or you may mail a completed Claim Form **postmarked no later than [claims deadline]** to *Lanza v. Upscale Events by Mosaic, LLC* Settlement Administrator, [address]. Only those claims that meet the requirements of the Settlement Agreement will be eligible for a payment.

**What are My Other Options?**

You will be a member of the Settlement Class unless you exclude yourself from the settlement. If you do not wish to be a member of the Settlement Class, you may exclude yourself by sending a letter to the settlement administrator no later than **[objection/exclusion deadline]**. You must include your name and address, your cellular telephone number on which you received the text message, your signature, and a statement that you wish to be excluded from the

Settlement Class in *Lanza v. Upscale Events by Mosaic, LLC, et al.*, No. 13-cv-80093. If you choose to exclude yourself, you give up your right to any settlement payment or to object to the settlement, but retain any rights you may currently have to sue the Defendants over the legal issues in the lawsuit.

You and/or your lawyer also have the right to appear before the Court and/or object to the proposed settlement. Objecting is telling the Court you don't like something about the settlement. You can object **ONLY** if you stay in the Settlement Class. Your written objection must be filed with the Court and sent to the attorneys for all parties to the lawsuit no later than **[objection/exclusion deadline]**. It must include your name, all arguments and evidence supporting the objection, your **cellular** telephone number that received the text message, a statement that you are a member of the Settlement Class, and a statement regarding whether you intend to appear at the Final Approval Hearing. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at www.[website].com.

If you do nothing you will be in the Settlement Class, whether or not you submit a Claim Form, and if the Court approves the Settlement, you will also be bound by all orders and judgments of the Court and you will not be able to sue Defendants for any claim released as part of the settlement. However, you need to timely submit a valid Claim Form to make a claim for a payment. If approved, your claims relating to the allegedly unauthorized text messages that are the subject of this case against Defendants, as well as other entities involved in the transmission of the text messages, will be fully and finally resolved and released.

**Who Represents Me?**

The Court has appointed Rafey S. Balabanian and Ari J. Scharg from Edelson LLC to represent the Settlement Class. These attorneys are referred to as Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?**

The Court will hold the Final Approval Hearing to determine the fairness of the settlement at _____ .m. on **Month Date, 201X** at the Paul G. Rogers Federal Building and United States Courthouse, Room 257, 701 Clematis Street, West Palm Beach, FL 33401, before Judge Donald M. Middlebrooks. At that hearing, the Court will hear any objections concerning the fairness of the settlement that have been properly raised, as set forth above. The hearing may be postponed to a different date or time without notice. You are not required to come to this hearing.

At the Final Approval Hearing, Class Counsel will ask the Court for no more than [$XX] in attorneys' fees and expenses for investigating the facts, litigating the case, and negotiating the settlement. Class Counsel will also ask the Court to provide the Class Representative an incentive award of no more than [$XX] for her services in helping to bring and settle this case. The Court may award less than these amounts.

**How Do I Get More Information?**

This Notice is intended only as a summary of the lawsuit and proposed settlement. It is not a complete statement of the lawsuit or the proposed settlement. For more information about the proposed settlement, including a copy of the Settlement Agreement, which includes a full description of the release of claims against the Defendants, other court documents, and a copy of the full Notice and Claim Form, go to www.[website].com, contact the settlement administrator at 1-___-___-_____ or *Lanza v. Upscale Events by Mosaic, LLC* Settlement Administrator, [address], or call Class Counsel at 1-866-354-3015.

By Order of the Court Dated: [date]

# Exhibit D

**IF YOU WERE SENT A TEXT MESSAGE PROMOTING A JOB FAIR FOR THE NEW PALM BEACH MALL IN AUGUST 2012, PLEASE READ THIS NOTICE CAREFULLY AS YOU MAY BE ENTITLED TO A $150 PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*Para una notificacion en Español, visitar www.[website].com*

## COURT AUTHORIZED NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

A proposed class action settlement has been reached in a lawsuit over allegedly unauthorized text messages sent to cell phones in August 2012 promoting an August 21, 2012 job fair for the New Palm Beach Mall.

Your legal rights may be affected whether you act or don't act. Please read this Notice carefully. Visit www.[website].com to read the full Notice and the Settlement Agreement and to make a claim.

### What is the Lawsuit About?

This lawsuit claims that unsolicited text messages were sent by or on behalf of Defendants Upscale Events by Mosaic, LLC, d/b/a the Mosaic Group, and Palm Beach Mall Holdings LLC, promoting a job fair for the New Palm Beach Mall held on August 21, 2012. The Plaintiff alleges that Defendants' conduct in sending those text messages violated the federal Telephone Consumer Protection Act, and she seeks to represent a group or "class" of persons who received such text messages.

Defendants deny they violated any law, and the Court has not determined who is right. Rather, the parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation. Defendants will vigorously defend the lawsuit if the proposed settlement is not approved.

### How Do I Know if I am a Class Member?

You are a Class Member and could get a cash settlement payment if, in August 2012, you received a text message sent directly from defendants Upscale Events by Mosaic, LLC, d/b/a the Mosaic Group, and/or Palm Beach Mall Holdings LLC promoting an August 21, 2012 job fair for the New Palm Beach Mall without providing either Defendant prior express consent.  A sample of the language of the text messages at issue is available at www.[website].com. Please note that text messages about the job fair that may have been received *indirectly* (i.e., that were forwarded by friends, acquaintances, etc.) are not covered by this settlement.

### What Can I Get From the Settlement?

If you are a Settlement Class Member and the Court approves the settlement, you may be entitled to receive a maximum payment up to a $150. If the expenses, attorneys' fees, Class Representative incentive award, and approved claims filed by Class Members exceed $6,500,000, members of the Class will receive a lesser *pro rata share* of funds available to the Class. The settlement also requires Defendants to change their communications practices to ensure they obtain consent prior to sending certain text messages.

The Settlement Agreement available at www.[website].com describes the details of the settlement. Only Class Members who submit valid claims will receive a payment.

### How Do I Submit a Claim for Payment?

To qualify for a payment, you must submit a timely, truthful, accurate, and properly completed Claim Form signed under penalty of perjury. You may submit the Claim Form online at www.[settlement].com no later than [claims deadline] by following the instructions found with the link, or you may mail a completed Claim Form **postmarked no later than [claims deadline]** to *Lanza v. Upscale Events by Mosaic, LLC* Settlement Administrator, [address]. Only those claims that meet the requirements of the Settlement Agreement will be eligible for a payment.

### What are My Other Options?

You will be a member of the Settlement Class unless you exclude yourself from the settlement. If you do not wish to be a member of the Settlement Class, you may exclude yourself by sending a letter to the settlement administrator no later than **[objection/exclusion deadline]**. You must include your name and address, your cellular telephone number on which you received the text message, your signature, and a statement that you wish to be excluded from the Settlement Class in *Lanza v. Upscale Events by Mosaic, LLC, et al.*,

No. 13-cv-80093. If you choose to exclude yourself, you give up your right to any settlement payment or to object to the settlement, but retain any rights you may currently have to sue the Defendants over the legal issues in the lawsuit.

You and/or your lawyer also have the right to appear before the Court and/or object to the proposed settlement. Objecting is telling the Court you don't like something about the settlement. You can object **ONLY** if you stay in the Settlement Class. Your written objection must be filed with the Court and sent to the attorneys for all parties to the lawsuit no later than **[objection/exclusion deadline]**. It must include your name, all arguments and evidence supporting the objection, your cellular telephone number that received the text message, a statement that you are a member of the Settlement Class, and a statement regarding whether you intend to appear at the Final Approval Hearing. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at www.[website].com.

If you do nothing you will be in the Settlement Class, whether or not you submit a Claim Form, and if the Court approves the Settlement, you will also be bound by all orders and judgments of the Court and you will not be able to sue Defendants for any claim released as part of the settlement. However, you need to timely submit a valid Claim Form to make a claim for a payment. If approved, your claims relating to the allegedly unauthorized text messages that are the subject of this case against Defendants, as well as other entities involved in the transmission of the text messages, will be fully and finally resolved and released.

### Who Represents Me?

The Court has appointed Rafey S. Balabanian and Ari J. Scharg from Edelson LLC to represent the Settlement Class. These attorneys are referred to as Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your own expense.

### When Will the Court Consider the Proposed Settlement?

The Court will hold the Final Approval Hearing to determine the fairness of the settlement at _____ .m. on Month Date, 201X at the Paul G. Rogers Federal Building and United States Courthouse, Room 257, 701 Clematis Street, West Palm Beach, FL 33401, before Judge Donald M. Middlebrooks. At that hearing, the Court will hear any objections concerning the fairness of the settlement that have been properly raised, as set forth above. The hearing may be postponed to a different date or time without notice. You are not required to come to this hearing.

At the Final Approval Hearing, Class Counsel will ask the Court for no more than [$XX] in attorneys' fees and expenses for investigating the facts, litigating the case, and negotiating the settlement. Class Counsel will also ask the Court to provide the Class Representative an incentive award of no more than [$XX] for her services in helping to bring and settle this case. The Court may award less than these amounts.

### How Do I Get More Information?

This Notice is intended only as a summary of the lawsuit and proposed settlement. It is not a complete statement of the lawsuit or the proposed settlement. For more information about the proposed settlement, including a copy of the Settlement Agreement, which includes a full description of the claims against Defendants, other court documents, and a copy of the full Notice and Claim Form, go to www.[website].com, contact the settlement administrator at 1-___-___-____ or *Lanza v. Upscale Events by Mosaic, LLC* Settlement Administrator, [address], or call Class Counsel at 1-866-354-3015.

By Order of the Court Dated: [date]

# Exhibit E

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

**If You Were Sent A Text Message Promoting a Job Fair for the New Palm Beach Mall in August 2012, Please Read This Notice Carefully As You May Be Entitled to a $150 Payment From a Class Action Settlement.**

*A Federal Court authorized this notice.  This is not a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit about whether Upscale Events by Mosaic, LLC, d/b/a the Mosaic Group, and Palm Beach Mall Holdings LLC sent unauthorized text messages to cell phones without previously receiving express consent to do so. Upscale Events by Mosaic, LLC and Palm Beach Mall Holdings LLC are referred to as the "Defendants."

- You are included in the settlement if you live in the United States and you were sent a text message in August 2012 that was transmitted by or for Defendants without your prior express consent. The text message promoted an August 21, 2012 job fair at the New Palm Beach Mall. Any text messages about the job fair that you may have received indirectly (i.e., that were forwarded to you by friends, acquaintances, etc.) are not covered by this proposed settlement. A sample of the language of the text messages appears below.

- Those included in the settlement will be eligible to receive a payment of up to $150. Defendants have also agreed to the entry of a court order preventing them from sending certain text messages in the future unless they first properly get express permission from the recipient.

- Please read this notice carefully. Your legal rights are affected whether you act or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF** | You will receive no settlement benefits, but you will retain any rights you may currently have to sue the Defendants about the claims in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the settlement. |
| **GO TO THE HEARING** | Ask to speak in Court about your opinion of the settlement. |
| **DO NOTHING** | You won't get a share of the settlement benefits and will give up your rights to sue the Defendants about the claims in this case. |

These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

## BASIC INFORMATION

| **1.  Why was this Notice issued?** |
|---|

A Court authorized this notice because you have a right to know about a proposed settlement of this class action lawsuit and all of your options regarding it before the Court decides whether to give final approval to the settlement. This Notice explains the lawsuit, the settlement, and your legal rights.

Judge Donald M. Middlebrooks, of the U.S. District Court for the Southern District of Florida, is overseeing this case. The case is known as *Lanza v. Upscale Events by Mosaic, LLC, et al.*, No. 13-cv-80093. The person who sued is called the Plaintiff. The Defendants are Upscale Events by Mosaic, LLC, d/b/a The Mosaic Group, and Palm Beach Mall Holdings LLC.

| **2. What is a class action?** |
|---|

In a class action, one or more people called class representatives (in this case, Debbie Lanza) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the class.

| **3. What is this lawsuit about?** |
|---|

This lawsuit claims that Defendants sent unauthorized text messages to cell phones promoting an August 21, 2012 job fair for the "New Palm Beach Mall" in August 2012. The lawsuit claims that Defendants violated the Telephone Consumer Protection Act because recipients of those messages did not consent to receive the text messages. The Defendants deny they violated any law.

The Court has not determined who is right.  Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

| **4. Why is there a settlement?** |
|---|

The Court has not decided whether the Plaintiff or the Defendants should win this case. Instead, both sides agreed to a settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Class Members can get compensation now rather than, if at all, years from now.

## WHO'S INCLUDED IN THE SETTLEMENT?

| **5. How do I know if I am in the Settlement Class?** |
|---|

The Court decided that everyone who fits the following description is a member of the **Settlement Class**:

All individuals within the United States who, in August 2012, received a text message promoting an August 21, 2012 job fair for the "New Palm Beach Mall" sent by or on behalf of Upscale Events by Mosaic, LLC, d/b/a The Mosaic Group, and/or Palm Beach Mall Holdings LLC, without having provided either company prior express consent.

**6. What type of text messages were sent?**

The text messages covered by the settlement were sent by or on behalf of Defendants in August 2012, promoting an August 21, 2012 job fair for the New Palm Beach Mall. A sample of the language of the text messages at issue is available at [url link].

## THE SETTLEMENT BENEFITS

**7. What does the settlement provide?**

Defendants have agreed to pay up to $6.5 million for all settlement administration expenses, attorneys' fees, and an incentive award to the Class Representative (*see* Question 14). The amount remaining after deducting these costs will be used to pay up to $150 to each eligible Class Member who submits a valid claim.

Defendants have also agreed to not send certain text messages to cell phones of those recipients who have not given their prior express consent to receive text messages. Additionally, Defendants have agreed to keep documentation of each recipient's prior express consent for a period of four years.

You can read a detailed description of the future protection applicable to Defendants in the Settlement Agreement.

**8. How much will my payment be?**

If you are member of the Settlement Class and the Court gives final approval to the settlement, you may be entitled to receive up to $150. The amount of your exact payment cannot be calculated at this time. Your payment will depend on the total number of valid claims that are filed. The Class contains approximately 90,000 members. Your payment may be less than $150 if the amount required to pay each Class Member who submits a valid claim exceeds the amount available from a $6.5 million Monetary Relief Cap, after paying attorneys' fees, settlement expenses, and an incentive award to the Class Representative. In the event this occurs, each Class Member who filed a valid claim shall receive a reduced proportionate share of the remaining funds.

**9. When will I get my payment?**

You should receive a check from the settlement administrator within 60 days after the settlement has been finally approved and/or after any appeals have been resolved in favor of the settlement.  The hearing to consider the final fairness of the settlement is scheduled for [Fairness Hearing Date.]  All checks will expire and become void 90 days after they are issued.

## HOW TO GET BENEFITS

| 10. How do I get benefits? |
| --- |

If you are a Class Member and you want to participate in the settlement, you must complete and submit a truthful Claim Form by **[Claims Deadline]**. You may have received a Claim Form in the mail or as a link in an email with a summary of this Notice.  If you did not receive a Claim Form, a copy can be found at [url link] or you can obtain one by calling, toll free, 1-800-000-0000.   The Claim Form can be submitted online through this website or by mail.

## REMAINING IN THE SETTLEMENT

| 11. What am I giving up if I stay in the Class? |
| --- |

If the settlement becomes final, you will give up your right to sue the Defendants for the claims being resolved by this settlement. The specific claims you are giving up against the Defendants are described in Sections 1.24 of the Settlement Agreement.  You will be "releasing" the Defendants and all related people as described in Section 1.25 of the Settlement Agreement. The release is set forth in Section 3 of the Settlement Agreement. Unless you exclude yourself (*see* Question 15), you are "releasing" the claims, regardless of whether you submit a claim or not. The Settlement Agreement is available through the "Court Documents" link [url link].

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to the lawyers listed in Question 18 for free, or you can, of course, talk to your own lawyer if you have questions about what this means.

| 12. What happens if I do nothing at all? |
| --- |

If you do nothing, you won't get any benefits from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendants for the claims being resolved by this settlement.

## THE LAWYERS REPRESENTING YOU

| 13. Do I have a lawyer in the case? |
| --- |

The Court has appointed Rafey S. Balabanian and Ari J. Scharg of Edelson LLC to be the attorneys representing the Settlement Class.  They are called "Class Counsel." They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

### 14. How will the lawyers be paid?

Class Counsel has agreed to seek no more than [$XX] in attorneys' fees and expenses for investigating the facts, litigating the case, and negotiating the settlement in this matter. Defendants may oppose Class Counsel's requested fees and the Court may award less than the requested amount. Under the Settlement Agreement, any amount awarded to Class Counsel will be paid from the $6.5 million Monetary Relief Cap.

Class Counsel has also agreed to seek an incentive award for the Class Representative of no more than [$XX] for her services in helping to bring and settle this case. Under the Settlement Agreement, any amount awarded to the Class Representative will also be paid from the $6.5 million Monetary Relief Cap.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 15. How do I get out of the Settlement?

To exclude yourself from the settlement, you must mail or otherwise deliver a letter (or request for exclusion) stating that you want to be excluded from the *Lanza v. Upscale Events by Mosaic, LLC, et al.*, No. 13-cv-80093 settlement. Your letter or request for exclusion must also include your name, the cellular phone number that received the relevant text message, and your signature. You must mail your exclusion request no later than **[objection/exclusion deadline]**, to:

Lanza v. Upscale Events by Mosaic, LLC Settlement Administrator
0000 Street
City, ST 00000

### 16. If I don't exclude myself, can I sue the Defendants for the same thing later?

No.  Unless you exclude yourself, you give up any right to sue the Defendants for the claims being resolved by this settlement.

### 17. If I exclude myself, can I get anything from this settlement?

No.  If you exclude yourself, do not submit a Claim Form to ask for benefits.

## OBJECTING TO THE SETTLEMENT

### 18. How do I object to the settlement?

If you're a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it, and the Court will consider your views. To object, you must file with the Court a letter or brief stating that you are a Settlement Class member and that you object to the settlement in *Lanza v. Upscale Events by Mosaic, LLC, et al.*, No. 13-cv-80093. In addition, you must identify all your reasons for your objections (including citations

QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR RETURN TO THE [HOMEPAGE]

and supporting evidence) and attach any materials you rely on for your objections. Your letter or brief must also include your name, your address, your cellular phone number that received the unauthorized text message(s), a statement that you are a Settlement Class Member, your signature, and a statement on whether you or your lawyer intend to appear at the final fairness hearing. You must also mail or deliver a copy of your letter or brief to Class Counsel and Defendants' Counsel (listed below).

Class Counsel will file with the Court and post on this website its request for attorneys' fees two weeks prior to [**objection deadline**].

If you want to appear and speak at the Final Approval Hearing to object to the settlement, with or without a lawyer (explained below in answer to Question 22), you must say so in your letter or brief. You must file your objection with the Court and mail a copy to the following places, postmarked no later than **[objection deadline].**

| Court | Class Counsel | Defendants' Counsel |
|---|---|---|
| The Hon. Donald M. Middlebrooks c/o Clerk of the Court Paul G. Rogers Federal Building and U.S. Courthouse 701 Clematis Street, Room 202 West Palm Beach, FL 33401 | Ari J. Scharg Edelson LLC 350 North LaSalle St, Suite 1300 Chicago, Illinois 60654 | Richard J. Rosensweig Goulston & Storrs, P.C. 400 Atlantic Avenue Boston, MA 02152 and Donald J. Thomas Lewis & Thomas LLP 445 E. Palmetto Park Road Boca Raton, FL 33432 |

**19. What's the difference between objecting and excluding myself from the settlement?**

Objecting simply means telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

**20. When and where will the Court decide whether to approve the settlement?**

The Court will hold the Fairness Hearing at [time] on **Month Date, 201X** in Room 257 of the Paul G. Rogers Federal Building and United States Courthouse, 701 Clematis Street, West Palm Beach, FL 33401. The purpose of the hearing will be for the Court to determine whether to approve the settlement as fair, reasonable, adequate, and in the best interests of the Class and to consider Class Counsel's request for attorneys' fees and expenses and for an incentive award to the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check www.[website].com or call 1-800-000-0000 prior to the hearing date. If, however, you timely

objected to the settlement and advised the Court that you intend to appear and speak at the Fairness Hearing, you will receive notice of any change in the date of such Fairness Hearing.

| **21. Do I have to come to the hearing?** |
| --- |

No. Class Counsel will answer any questions the Court may have. However, you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not required.

| **22. May I speak at the hearing?** |
| --- |

Yes.  You may ask the Court for permission to speak at the Fairness Hearing. To do so, your letter or brief objecting to the settlement must include a statement that you intend to appear in *Lanza v. Upscale Events by Mosaic, LLC, et al.*, No. 13-cv-80093. This statement must include your name, address, the cellular phone number on which you received the text message, a statement that you are a member of the Settlement Class, and your signature as well as the name and address of your lawyer, if one is appearing for you. Your objection and notice of intent to appear must be filed with the Court and postmarked no later than **[objection deadline]** and must be sent to the addresses listed in Question 18.  If a lawyer files an objection on your behalf, s/he must follow the requirements set forth in the Settlement Agreement.

## GETTING MORE INFORMATION

| **23. Where do I get more information?** |
| --- |

This Notice summarizes the settlement. More details are in the Settlement Agreement, which you can get a copy of at [url link]. You may also write with questions to *Lanza v. Upscale Events by Mosaic, LLC* Settlement Administrator, P.O. Box 0000, City, ST 00000. You can also call the Settlement Administrator at 1-800-000-0000 or Class Counsel at 1-866-354-3015, if you have any questions. Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere by returning to the [home page].