IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80093-CIV-MIDDLEBROOKS/BRANNON

DEBBIE LANZA, individually and on behalf of all
others similarly situated,

    *Plaintiff*,

v.

UPSCALE EVENTS BY MOSAIC, LLC
d/b/a THE MOSAIC GROUP, a Florida limited
liability company, and PALM BEACH MALL
HOLDINGS LLC, a Delaware limited liability
company,

    *Defendants*.

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CERTIFYING SETTLEMENT CLASS, APPOINTING CLASS REPRESENTATIVE, APPOINTING CLASS COUNSEL, AND APPROVING NOTICE PLAN

THIS CAUSE comes before the Court upon Unopposed Motion by Plaintiff Debbie Lanza ("Plaintiff") for Approval of Class Action Settlement (DE 115) ("Motion") filed on October 29, 2013. The Court held a Status Conference/Calendar Call on October 30, 2013 that was attended by representatives of Plaintiff and Defendants Upscale Events by Mosaic, LLC ("Mosaic") and Palm Beach Mall Holdings LLC ("PBMH"), (collectively, "Defendants"). The Court has reviewed the record and is otherwise fully advised in the premises.

Plaintiff and Defendants have entered into a Settlement Agreement dated October 28, 2013 (DE 115-1), which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendants upon the terms and conditions set forth therein (the "Settlement Agreement"), and the Court having read and considered the Settlement Agreement and exhibits attached to;

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2. The Parties have moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the parties and being fully advised in the premises, hereby **GRANTS** Plaintiff's Motion for Approval of Class Action Settlement (DE 115) and **PRELIMINARILY APPROVES** the Settlement Agreement (DE 115-1) in its entirety subject to the Final Approval Hearing referred to in paragraph 18 of this Order.

3. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendants or any other parties.

**Certification of the Settlement Class**

4. For purposes of settlement only: (a) Rafey S. Balabanian and Ari J. Scharg of Edelson LLC are appointed Class Counsel for the Settlement Class; and (b) Debbie Lanza is named Class Representative. The Court finds that these attorneys are competent and capable of exercising

the responsibilities of Class Counsel and that Plaintiff Lanza will adequately protect the interests of the Settlement Class defined below.

5. For purposes of settlement only, the Court conditionally certifies the following Settlement Class as defined in the Settlement Agreement:

> All individuals within the United States who, in August 2012, received a text message promoting an August 21, 2012 job fair for the New Palm Beach Mall sent by or on behalf of Upscale Events by Mosaic, LLC and/or Palm Beach Mall Holdings LLC, without having provided either company prior express consent.

6. The Court finds, subject to the Final Approval Hearing referred to in Paragraph 18 below, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Class (i.e., whether Defendants obtained valid "prior express consent" to transmit the text messages in question, whether an "automatic telephone dialing system" was used to send the allegedly offending messages, whether the Settlement Class members are entitled to uniform statutory damages under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and whether those damages should be trebled due to the alleged willfulness of the conduct); the claims of the Class Representative are typical of the claims of the members of the Settlement Class; the Class Representative and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Action.

7. Should the Settlement Agreement not receive the Court's final approval, should final approval be reversed on appeal, or should the Settlement Agreement otherwise fail to become effective, the Court's grant of class certification shall be vacated, and the Class Representative and

3

the Settlement Class would once again bear the burden of establishing the propriety of class certification. In such case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

**Notice and Administration**

8. The Court **APPROVES**, as to form, content, and distribution, the Claim Form attached to the Settlement Agreement as Exhibit A, the Notice Plan and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits B, C, D, and E thereto (DE 115-1), and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this Action. The parties, by agreement, may revise the Notice and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

9. The Court approves the request for the appointment of Rust Consulting, Inc. as Settlement Administrator of the Settlement Agreement.

10. Pursuant to paragraph 4.2 of the Settlement Agreement, the Settlement Administrator is directed to publish the Notice and Claim Form on the Settlement Website within ten (10) days following the entry of this Order, to send direct notice via U.S. Mail and email in accordance with the Notice Plan called for by the Settlement Agreement no later than twenty-one (21) days following the

4

entry of this Order, and to provide publication notice in accordance with the Notice Plan called for by the Settlement Agreement no later than thirty (30) days following the entry of this Order. The Settlement Administrator shall also maintain the Settlement Website to provide full information about the Settlement and allow for the filing of claims online.

11. Members of the Class who wish to receive benefits under the Settlement Agreement must complete and submit their Claim Form(s) in accordance with the instructions contained therein. All Claim Forms must be postmarked or received by the Settlement Administrator within **forty-five (45) days** after the date of the entry of the Final Judgment.

12. Members of the Settlement Class who wish to exclude themselves from the Class may do so on or before the Objection/Exclusion Deadline of **January 13, 2014** to comply with the exclusion procedures set forth in the Settlement Agreement and Notice. Any members of the Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

13. Any members of the Settlement Class who elect to exclude themselves or "opt out" of the Settlement Agreement must file a written request with the Settlement Administrator, received or postmarked no later than the Objection/Exclusion Deadline. The request for exclusion must comply with the exclusion procedures set forth in the Settlement Agreement and Notice and include the Settlement Class member's name and address, the cellular telephone number on which the Text Message was allegedly received, a signature, the name and number of the case, and a statement that the Class member wishes to be excluded from Settlement Class. So called "mass" or "class" opt-outs shall not be allowed.

14. Members of the Settlement Class who opt out of the Settlement Agreement will relinquish their rights to benefits under the Settlement Agreement and will not release their claims. However, members of the Settlement Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment,

5

regardless of whether they have requested exclusion from the Settlement Agreement.

**Objections**

15. Any members of the Settlement Class who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel in the amounts specified in the Notice, or to the award to the Class Representative as set forth in the Notice. Members of the Class may object on their own, or may do so through separate counsel at their own expense.

16. To object, members of the Class must sign and file a written objection no later than on or before the Objection/Exclusion Deadline of **January 13, 2014**. To be valid, the objection must comply with the objection procedures set forth in the Settlement Agreement and Notice, include the Class member's full name and address; the cellular phone number that received the Text Message; a statement that he or she believes himself or herself to be a member of the Settlement Class; a signature; the specific grounds for the objection; all arguments, citations, and evidence supporting the objection (including copies of any documents relied on); and a statement whether the objector intends to appear at the Final Approval Hearing with or without counsel. Members of the Class who fail to file and serve timely written objections in compliance with the requirements of this paragraph and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in paragraph 18, below.

17. To be valid, objections must be filed with the Court and sent to Class Counsel Ari J. Scharg of Edelson LLC, 350 North LaSalle, Suite 1300, Chicago, IL 60654, and to Defendants' Counsel Richard J. Rosensweig of Goulston & Storrs, P.C., 400 Atlantic Avenue, Boston, Massachusetts 02152 and Donald J. Thomas of Lewis & Thomas LLP, 445 East Palmetto Park Road,

Boca Raton, Florida 33432. In addition, any objections made by a Class member represented by counsel must be filed through the Court's CM/ECF system.

### Final Approval Hearing

18. The Final Approval Hearing shall be held before this Court on **February 18, 2014 at 10:00 a.m.** in Courtroom 7 of the Paul G. Rogers Federal Building and United States Courthouse, 701 Clematis Street, West Palm Beach, Florida 33401 to determine: (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class Representative. The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.

19. Pursuant to paragraph 8.1 of the Settlement Agreement, Defendants agree to pay Class Counsel reasonable attorneys' fees and to reimburse reasonable expenses in the Action ("Fee Award"), and to pay Class Representative a reasonable incentive award ("Incentive Award"), in amounts to be determined by the Court.

20. Class Counsel shall file papers in support of their Fee Award and Class Representative's Incentive Award (collectively, the "Fee Petition") with the Court on or before **January 7, 2014**. Defendants may, but are not required to, file a Response to Class Counsel's Fee Petition with the Court on or before **January 28, 2014**. Class Counsel may file a Reply in support of their Fee Petition with the Court on or before **February 4, 2014**.

21. Papers in support of final approval of the Settlement Agreement, the incentive award, and any supplementation to the request for the Fee Award, shall be filed with the Court on or before **February 4, 2014**.

### Further Matters

22. All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

23. Members of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

24. If the Settlement Agreement is not approved by the Court in complete accordance with its terms, each party will have the option of having the Action revert to its status as if the Settlement Agreement had not been negotiated, made, or filed with the Court. In such event, the parties will retain all rights as if the Settlement Agreement was never agreed upon.

25. In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement or for any reason whatsoever the approval of it does not become Final then: (i) the Settlement Agreement shall be null and void, including any provision related to the award of attorneys' fees, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) other than as expressly preserved by the Settlement Agreement in the event of its termination, the Settlement Agreement shall have no further force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose; and (iv) any party may elect to move the Court pursuant to the provisions of this paragraph, and none of the non-moving parties (or

8

their counsel) shall oppose any such motion.

26. This matter is **REMOVED** from the Trial Calendar.

27. All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this 3 day October, 2013.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record