UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80093-CIV-MIDDLEBROOKS/BRANNON

DEBBIE LANZA, individually and on behalf of all
others similarly situated,

        Plaintiff,

v.

UPSCALE EVENTS BY MOSAIC, LLC
d/b/a THE MOSAIC GROUP, a Florida limited
liability company, and PALM BEACH MALL
HOLDINGS LLC, a Delaware limited liability
company,

        Defendants.

                                  /

## ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT; MOTION FOR ATTORNEYS FEES, EXPENSES AND INCENTIVE AWARD; AND FINAL JUDGMENT

THIS CAUSE comes before the Court upon Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement ("Motion for Final Approval") (DE 126), filed on February 4, 2014, and Plaintiff's Motion for Award of Attorneys' Fees, Expenses, and Incentive Award ("Motion for Attorneys' Fees") (DE 125), filed on January 7, 2014, (collectively, the "Motions"). Having reviewed the record and heard argument of counsel on February 26, 2014, and finding good cause appearing therein, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motions (DE 125; DE 126) are **GRANTED** as follows:

1.    Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2.    This Court has jurisdiction over the subject matter of this action and over all Parties to the Action, including all Settlement Class Members.

3.     On October 30, 2013, this Court granted Preliminary Approval of the Settlement Agreement and preliminary certified a settlement class consisting of:

> All individuals within the United States who, in August 2012, received a text message promoting an August 21, 2012 job fair for the New Palm Beach Mall sent by or on behalf of Upscale Events by Mosaic, LLC and/or Palm Beach Mall Holdings LLC, without having provided either company prior express consent.

(DE 120 at ¶ 5.)

4.     Excluded from the Settlement Class are those persons who have submitted valid and timely requests for exclusion pursuant to the Preliminary Approval Order and the Notice to the Settlement Class. Valid and timely requests for exclusion were received from the following persons: (i) P. Winn, Largo, Florida, (ii) R. Jacobs, West Palm Beach, Florida, and (iii) A. Price, Boynton Beach, Florida. Such persons are found to have validly excluded themselves from the Settlement in accordance with the provisions of the Preliminary Approval Order, and are not bound by this Final Judgment or the Release herein.

5.     The Court finds that the Notice and the Notice Plan implemented pursuant to the Settlement Agreement, the Preliminary Approval Order of October 30, 2013, consisting of individual notice via first-class U.S. Mail postcard, internet publication on the interactive settlement website www.palmbeachtextsettlement.com, publication in the *South Florida Sun-Sentinel, Boca Raton Tribune, Palm Beach Daily News, Palm Beach Post, El Latino Semanal,* and *Semanario Accion,* and a toll-free phone number to field inquires by Settlement Class Members, has been successfully implemented and was the best notice practicable under the circumstances and: (1) constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to

appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the rules of the Court.

6.     The Court finds that Defendants properly notified the appropriate state and federal officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendants' notice and accompanying materials, and finds that they complied with all applicable requirements of CAFA.

7.     This Court now **AFFIRMS** certification of the Settlement Class, gives final approval to the Settlement, and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties.   The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, considering the facts and circumstances of the numerous types of claims and affirmative defenses asserted in the Action, and the potential risks and likelihood of success of alternatively pursuing trials on the merits.   The complex legal and factual posture of this case, and the fact that the Settlement is the result of arm's-length negotiations between the Parties, including settlement negotiations presided over by the Honorable David Lee Brannon, and fee negotiations conducted by neutral mediator Jack Auspitz of Morrison & Foerster LLP, support this finding.

8.     The Court finds that both the Class Representative and Class Counsel adequately represented the Settlement Class for the purposes of litigating this matter and entering into and implementing the Settlement Agreement. Accordingly, the Settlement is hereby finally **APPROVED** in all respects, and the Parties are hereby directed to implement the Settlement

according to its terms and provisions. The Settlement Agreement is hereby incorporated into this Order in full and shall have the full force of an Order of this Court.

9.    Subject to the terms and conditions of the Settlement Agreement, this Court hereby **DISMISSES WITH PREJUDICE** the Action as identified in the Settlement Agreement on the merits.

10.    Upon the Effective Date of this Order, the Releasing Parties shall be deemed to have fully, finally, and forever released, relinquished and discharged all Released Claims, including without limitation Unknown Claims, against each and every one of the Released Parties.

11.    Upon the Effective Date, the above release of claims and the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members and Releasing Parties. All Settlement Class Members who have not been properly excluded from the Settlement Class are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of the Released Claims.

12.    The Court **APPROVES** the agreed-upon Fee Award to Class Counsel in the amount of $1,275,000.00, which the Court finds to be fair and reasonable. The Court finds this amount to be reasonable in that it represents 19.6% of the total value of the settlement of $6,500,000 achieved for the Class. It is "well established that when a representative party has conferred a substantial benefit upon a class, counsel is entitled to an allowance of attorneys' fees based upon the benefit obtained." *In re Checking Account Overdraft Litig.*, -- F. Supp. 2d --,

2011 WL 5873389, at *21 (S.D. Fla. Nov. 22, 2011) (citing *Camden I Condominium Assn. v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991); *see also Stahl v. MasTec, Inc.*, 2008 WL (in the case of settlements creating a common fund for the class, "the majority of . . . fee awards fall between 20% and 30% of the fund"). The Court also finds this amount fair and reasonable based upon a lodestar "cross-check" for determining the fairness and reasonableness of fee requests.  Class Counsel provided the Court with documentation and sworn declarations supporting a lodestar of $1,275,000.00.  Specifically, Class Counsel expended 2,130.4 hours in investigating, litigating, and resolving this case (including a reasonable estimation of upcoming hours).  Additionally, Class Counsel set forth the experience of each attorney working on the case and their corresponding billable rate.  The Court finds the rates charged to be appropriate and reasonable in light of the experience of each attorney and that the hourly rates are in line with comparable market rates.  The Court finds the hours expended to be reasonable when compared with the time and effort put forth by Class Counsel in investigating, litigating, and resolving this case, as well as in light of the results for the Settlement Class.  Accordingly, the overall lodestar of $872,744.50, when enhanced by a reasonable multiplier of 1.45, provides a reasonable lodestar cross-check in awarding Class Counsel's Fee Award of $1,275,000.

13.     Defendants shall pay the Fee Award pursuant to and in the manner provided by the terms of the Settlement Agreement.

14.     The Court **APPROVES** the agreed Incentive Award of $7,500.00 to Class Representative Debbie Lanza as an Incentive Award for her role as Class Representative. The Court finds this Incentive Award to be reasonable in light of the Class Representative's willingness and efforts with respect to taking on the risks of litigation and helping achieve the results to be made available to the Settlement Class. Such payment shall be made pursuant to and

in the manner provided by the terms of the Settlement Agreement.

15.    Except as otherwise set forth in this Order, the Parties shall bear their own costs and attorneys' fees.

16.    This Court hereby **DIRECTS** entry of this Final Judgment based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement.

17.    Neither this Final Judgment and order of dismissal with prejudice, the Settlement Agreement, the settlement that it reflects, nor any act, statement, document, or proceeding relating to the Settlement:

(a)    is, may be deemed, or shall be used, offered, or received against Defendants as an admission, concession, or evidence of the validity of any Released Claims, the truth of any fact alleged by the Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties;

(b)    is, may be deemed, or shall be used, offered, or received against Plaintiff or the Settlement Class as an admission, concession, or evidence of the infirmity or strength of any claims raised in the Action, the trust or falsity of any fact alleged by Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(c)    is, may be deemed, or shall be construed against Plaintiff and the Settlement Class or against Defendants as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than, or greater

than that amount that could have or would have been recovered after trial;

(d)     is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff and the Settlement Class or against Defendants that any of Plaintiff's claims are with or without merit and that damages recoverable in the Action would have exceeded or would have been less than any particular amount; or

(e)     is, may be deemed, or shall be used, offered, or received against Defendants as an admission or concession with respect to any liability, negligence, fault, or wrongdoing as against any Parties to the Agreement in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

18.     The Parties, without further approval from the Court, are hereby permitted to agree to and to adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Judgment and do not limit the rights of Settlement Class Members.

19.     Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Order, and for any other necessary purpose.

**ORDERED AND ADJUDGED** in Chambers in West Palm Beach, Florida, this 28 day of February, 2014.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:     Counsel of Record